Filed 1/5/15  Williams v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VANI WILLIAMS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIRK DOUGLAS WILLIAMS,<br><br>    Defendant and Appellant. | C069109<br><br>(Super. Ct. No. 06DV01011) |

Defendant Kirk Douglas Williams, father, appeals in propia persona from an August 10, 2011 restraining order entered against him pursuant to the Domestic Violence Prevention Act (DVPA).  (Fam. Code, § 6200 et. seq.)[1]  Father is currently serving a sentence in state prison for a conviction on multiple counts related to domestic violence against his ex-wife, Vani Williams, mother.  Mother obtained a five-year restraining order against father following a hearing pursuant to the DVPA, and shortly before its

---

[1] Further undesignated statutory references are to the Family Code.

1

expiration, she applied for renewal. Following a hearing, at which defendant did not appear, the court issued an order permanently renewing the prior restraining order against father and enjoining him from contacting, striking, harassing, threatening, or coming within 100 yards of mother or their two children. As part of the renewed restraining order, the court attached a Child Custody and Visitation Order, granting mother sole legal and physical custody of the parties' two minor children and denying father visitation.

In his brief on appeal, father contends the trial court abused its discretion in issuing the order denying him child custody and visitation.[2] Father's brief contends that he did not attend the hearing on mother's request to renew the DVPA restraining order because he was not served with notice of the request and hearing date. However, the Proof of Service indicates that father was served. Father further contends that he was granted reasonable visitation during the separate marital dissolution proceedings, which he asserts conflicts with the DVPA custody and visitation order. Yet he does not provide any evidence to support this contention. We conclude that the trial court did not abuse its discretion in entering a permanent restraining order against father upon mother's uncontested request for renewal. Nor did the court abuse its discretion in entering the custody and visitation order.

We affirm.

---

[2] Mother did not file a respondent's brief. When no respondent's brief is filed, we may decide the appeal on the record, the opening brief, and any oral argument by appellant. (Cal. Rules of Court, rule 8.220(a)(2).) A respondent's failure to file a brief does not require an automatic reversal. (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854.) Notwithstanding mother's silence on appeal, father still has the affirmative burden to show error. Therefore, this court reviews the record and reverses only if prejudicial error is found. (*Ibid*.)

## FACTUAL AND PROCEDURAL BACKGROUND

Father has elected to proceed with his appeal on a clerk's transcript. (Cal. Rules of Court, rules 8.121, 8.122.) Thus, the appellate record does not include a reporter's transcript of the hearings in this matter. This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083 (*Allen*); *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record we have establishes that mother sought a domestic violence restraining order against father,[3] and after a hearing on July 24, 2006, the trial court issued a five-year Restraining Order After Hearing, enjoining father from contacting, striking, harassing, threatening, or coming within 100 yards of mother or their two children. As a part of the restraining order, the court also issued a Child Custody and Visitation Order granting mother sole legal and physical custody of the two minor children and denying father visitation pursuant to sections 3064, 6323, and 6346. The court also ordered father to attend a 52-week batterer intervention program and show written proof of completion to the court.

Father contends that at some point after this restraining order was issued, mother filed for dissolution of the marriage in Sacramento County Superior Court case number 09FL06635. Father concedes that he defaulted in the dissolution case, and judgment was entered in mother's favor. However, father contends that mother's petition requested that he be granted reasonable visitation with the children and that "the dissolution matter

---

[3] Although there is no reference to father's conviction in the record or whether the domestic violence involved the children, father concedes in his opening brief that he was convicted of four felonies related to an episode of domestic violence: spousal abuse, assault with a deadly weapon, false imprisonment, and making criminal threats. Father also alleges that there was a protective order in place related to this conviction, but mother requested that the protective order be lifted so that the children could visit father in prison. However, the record before us does not contain evidence to support his assertion.

granted reasonable visitation." There is no evidentiary basis for these assertions in the record before us.

On July 20, 2011, shortly before the five-year restraining order was scheduled to expire, mother filed a Request to Renew Restraining Order, alleging that she was still afraid of father. Father did not appear at the August 10, 2011, hearing on the renewal, otherwise contest mother's renewal request, or request a continuance. Following the hearing, the trial court granted mother's request and issued a permanent Restraining Order After Hearing pursuant to section 6345, subdivision (a), which again included a Child Custody and Visitation Order awarding full custody to mother and denying father any visitation.

The Proof of Service for mother's request and the notice of hearing attests that a Solano County Sheriff's deputy served father by serving the Litigations Coordinator at the California Medical Facility in Vacaville on August 3, 2011. Despite the Proof of Service, father disputes that he was served prior to the hearing. At one point in his brief, he asserts that he had been transferred to Salinas Valley State Prison on April 5, 2011, and consequently, received service after the hearing. At another point in his brief, he says he "has never had the opportunity to present his side of the events because service of process would be given to prison officials and they would never provide the legal documents to defendant in a timely manner where it would afford defendant time to respond." However, father did not file a motion to modify or terminate the order after its issuance as expressly authorized by statute. Thus, the record before us does not provide evidence supporting the factual assertions he makes in his brief on appeal.

**DISCUSSION**

**I. Standard of Review and Rules of Appellate Procedure**

We review the trial court's renewal of a domestic violence restraining order under the abuse of discretion standard to determine whether the trial court exceeded the bounds of reason. (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333.)

4

" 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*), original italics.) Accordingly, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them.  (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)  It is an appellant's burden to affirmatively show error by citing an adequate record to support his summary of the facts and legal authority to support each analytical point made; otherwise, the point is forfeited.  (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  Further, it is an appellant's burden to provide an adequate record of the proceedings in the trial court to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)  When an appeal is "on the judgment roll" (*Allen*, *supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*)), and our review is limited to determining whether any error "appears on the face of the record."  (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)  These restrictive rules of appellate procedure apply to father even though he is representing himself on appeal.  (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Father's appellate brief lacks both citations to pertinent authority and a coherent legal argument.  (See Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).)  Although father appears in this court without counsel, that does not entitle him to special treatment.  (See, e.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  " 'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our

courts, otherwise, ignorance is unjustly rewarded." ' [Citations.]" (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 ["[I]n propria persona litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure."].) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*In re S.C.*).) We disregard claims perfunctorily asserted without development. (See *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.)

## II. Domestic Violence Prevention Act

The DVPA authorizes the trial court to issue a restraining order "for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved, if an affidavit…shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300; see also § 6220.) A restraining order may issue under the DVPA either "enjoining specific acts of abuse," "excluding a person from a dwelling," or "enjoining other specified behavior," and the order may issue ex parte, after notice and a hearing, or in a judgment. (§ 6218.) The DVPA further authorizes the trial court to make an ex parte order "determining the temporary custody and visitation of a minor child" (§ 6323, subd. (a)(1)), provided the party seeking the temporary order has established a parent-child relationship by one of the means specified in the DVPA, which includes proof the party gave birth to the child. (§ 6323, subd. (a)(2)(B)(i).) Section 6340, in turn, authorizes the court, after notice to the party to be restrained and a hearing, to issue "any of the orders described" in sections 6320 through 6327 and directs the court, when determining whether to do so, to "consider whether failure to make any of these orders may jeopardize the safety of the petitioner and the children for whom the custody or visitation orders are sought." (§ 6340, subd. (a).) The DVPA confers upon the trial court "a discretion designed to be exercised liberally, at least more liberally than a trial

6

court's discretion to restrain civil harassment generally." (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)

Section 6345, subdivision (a), governs renewal of a DVPA restraining order. It provides: "These orders may be renewed, upon the request of a party, either for five years or permanently, *without a showing of any further abuse since the issuance of the original order*, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." (Italics added; see also *Loeffler v. Medina* (2009) 174 Cal.App.4th 1497, 1503 (*Loeffler*); *Avalos v. Perez* (2011) 196 Cal.App.4th 773, 777.) The renewal request may be brought any time within three months before expiration of the orders. (§ 6345, subd. (a).) When the request for renewal is uncontested by the restrained party, a protected party is "entitled to renewal of the protective order merely upon request." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1284 (*Ritchie*).) "In that instance, both the protected party and the court are entitled to assume the restrained party has a good reason for not objecting." (*Id.*) However, where the restrained party contests the renewal request, a protected party is not entitled to renewal merely because she desires that the protective order be renewed; rather, the trial court may renew the protective order only if it finds by a preponderance of the evidence that the protected party entertains an objectively " 'reasonable apprehension' of future abuse." (*Id.* at pp. 1290-1292 [discussing relevant factors in determining whether the reasonable apprehension test is satisfied].) Whether the request is contested or not, the protected party need not show that any abuse has occurred since issuance of the initial protective order. (*Ibid.*; see also § 6345, subd. (a).) Additionally, the existence of the initial restraining order "is relevant and the underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy" the reasonable apprehension test. (*Ritchie*, at p. 1291.)

Although an order issued upon a renewal motion can be characterized as permanent, it remains "subject to termination or modification by further order of the court

7

either on written stipulation filed with the court or on the motion of a party." (§ 6345, subd. (a).) As we have noted, father did not file a motion in the trial court to terminate or modify the renewal order.

### III. Analysis

Father contends the trial court erred in awarding mother sole legal and physical custody of the parties' minor children and denying him visitation. Specifically, he argues that: (1) he did not receive proper notice of the hearing on mother's renewal request; (2) the renewed Child Custody and Visitation Order conflicts with a prior visitation order in the marriage dissolution judgment and accordingly, mother should have been barred from relitigating the issue of visitation by collateral estoppel; (3) he has had no contact with mother since the first restraining order "that would support or sunstantiate [*sic*] the need to renew the restraining order"; and (4) the Child Custody and Visitation Order denying father visitation with the parties' children violates his right to due process.[4] Father's factual allegations are not supported in the record and his legal arguments miss the mark.

First, father did not file a motion to modify or terminate the order after its issuance (§ 6345, subd. (a)) on the ground that he was not served. Instead, he filed the instant appeal. Consequently, the record before us does not support his factual allegations regarding service and thus, father fails to rebut the presumption that he was properly served with notice of the hearing on the renewal request as evidenced by the Proof of Service. (*Floveyor Internat., Ltd. v. Super. Ct.* (1997) 59 Cal.App.4th 789, 795 [Filing a proof of service that complies with statutory standards creates a rebuttable presumption

---

[4] Father also asserts various claims of error related to his criminal conviction and the marriage dissolution proceedings, which are not properly before us in this appeal (e.g., that he was denied the right to call his son as a witness in the criminal trial). Therefore, we do not review these claims. Additionally, father's factual allegations regarding mother's parenting and potential child endangerment are not properly before this court where these allegations were not presented in the trial court below.

that service was proper.].)  The Proof of Service, dated August 3, 2011, attests that a deputy sheriff served father by serving the Litigations Coordinator at the California Medical Facility.  This is valid service.  (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858-859 [service of process by wife on the litigation coordinator at Avenal State prison where husband was incarcerated was valid service under Code Civ. Proc., § 415.30, and Pen. Code, § 4013, subd. (a)].)  While father contends he was transferred to Salinas Valley State Prison in April and did not receive service in time to attend the hearing, the record contains no evidence showing the date of his transfer. Consequently, father fails to rebut the presumption that he was properly served with notice of the hearing.

Second, father does not supply the trial court record related to the marriage dissolution case in which he says he was granted reasonable visitation.[5]  Accordingly, we must disregard his argument about the purportedly conflicting order and his claim of collateral estoppel related to the dissolution case because there is no evidentiary basis for us to conclude that father was awarded visitation rights or that the trial court made factual findings that somehow barred mother from requesting renewal of the custody order related to the restraining order.  Notably, even if the marriage dissolution judgment does include a final judicial custody determination providing father with reasonable visitation

---

[5] We note that when considering custody or visitation issues, trial courts are strongly "encouraged" to make a "reasonable effort" to ascertain whether any protective order or restraining order is in effect that concerns the parties or the minor children.  (§ 3031, subd. (a).)  Additionally, courts are "encouraged" not to make a custody or visitation order that is "inconsistent with" any restraining order unless it finds:  (1) the custody or visitation order cannot be made consistent with the restraining order; and (2) the custody or visitation order is in the children's best interests.  (*Ibid.*)  Because the original restraining order was in effect during the dissolution proceedings, between July 24, 2006, and July 24, 2011, the court that addressed the dissolution likely would have made a reasonable effort to find restraining orders pertaining to the parties in the same court in accordance with section 3031, subdivision (a).

9

rights as father alleges, mother would still be entitled to seek modification of the visitation and custody order based on changed circumstances. (See *Keith R. v. Super. Ct.* (2009) 174 Cal.App.4th 1047, 1053-1054.) In any case, because father does not provide any evidence in the record supporting his contention and because there is no evidence the trial court was made aware of this purportedly conflicting family court order when it issued the orders father challenges on appeal, we cannot conclude that the court abused its discretion in issuing the Child Custody and Visitation Order.

Third, father's argument attacking the trial court's decision to renew the restraining order is both legally and factually flawed. In his brief, father asserts, "there is no evidence to demonstrate that [mother] has a reasonable apprehension of future abuse nor was there any evidence presented that [father] made any threats or that [father] perpetrated any domestic violence after issuance of the restraining order made several years prior in 2006." Under section 6345, subdivision (a), a DVPA restraining order may be renewed "without a showing of any further abuse since the issuance of the original order." (*Loeffler*, *supra*, 174 Cal.App.4th at p. 1503; *Ritchie*, *supra*, 115 Cal.App.4th at pp. 1282-1283.) Additionally, as we have noted, a trial court may grant renewal on the protected party's request without any showing where the restrained party does not contest renewal. (*Ritchie*, at p. 1284.) Moreover, because of father's failure to provide an adequate record, we cannot say mother presented no evidence of "reasonable apprehension." She may very well have done so. In any event, given the state of the record, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) As for the custody and visitation order, section 3044 provides that when there has been a finding by the court that a person seeking custody has perpetrated domestic violence against the other parent, the child, or the child's siblings within the past five years, there is a rebuttable presumption that a sole or joint physical or legal custody award to the perpetrator would be detrimental to the child's best interest. This presumption may only

10

be rebutted by a preponderance of the evidence. Since father failed to contest mother's renewal request or present evidence to rebut the statutory presumption under section 3044 that awarding custody to a person who has perpetrated domestic violence would be detrimental to the children, there is no evidentiary basis for us to conclude that the court abused its discretion in issuing the custody and visitation order. (See *ibid*.)

Fourth, father contends that the DVPA custody and visitation order violates his right to due process. He presents disjointed and conclusory arguments in support of his view. The due process clause guarantees " ' " 'notice and opportunity for hearing *appropriate to the nature of the case*.' " [Citation.]' [Citation.]" (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1500, original italics.) We have already concluded that father has failed to rebut the presumption that he was properly served and since the restraining order remains "subject to termination or modification by further order of the court…on the motion of a party," due process is not implicated here. (§ 6345, subd. (a).) In the absence of father providing any meaningful legal analysis, we reject his conclusory due process argument. (*Denham*, *supra*, 2 Cal.3d at p. 564; *In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

## IV. CONCLUSION

Father made no attempt to seek modification or termination of the trial court's order on the ground that modification was in the interest of justice because he had not been served. (§ 6345, subd. (a)); see *Loeffler*, *supra*, 174 Cal.App.4th at pp. 1502-1508 [holding that the standard for determining a motion to terminate a renewed protective order is the same as that required to dissolve an injunction pursuant to Code of Civil Procedure section 533].)**6** Had father done so, he could have made a record supporting

---

**6** At oral argument, father said he filed a motion to set aside the "default" (presumably under Code of Civil Procedure section 473), which was denied. He did not provide the record on that motion; nor does he assert error in the denial of that motion in this appeal.

11

the factual contentions he makes on appeal. Instead, father filed the instant appeal without a record and apparently expects us to rule in his favor based on the factual assertions he raises in his brief. This, we cannot do.

## DISPOSITION

The court's issuance of the permanent restraining order, including the Child Custody and Visitation Order, is affirmed.

     MURRAY     , J.

We concur:

     HULL     , Acting P. J.

     DUARTE     , J.

---

Also at oral argument, father said he did not file a motion to modify because there were no changed circumstances. But as the *Loeffler* court held, the standards related to modifying an injunction in Code of Civil Procedure section 533 apply to the modification or termination of domestic violence restraining orders. Thus, a motion to modify or terminate a domestic violence restraining order may be based on: (1) a material change in the facts, (2) a change in the law, *or* (3) the *ends of justice*. (*Loeffler*, *supra*, 174 Cal.App.4th at p. 1504.) Had father filed a motion to modify on the grounds that modification was in the interest of justice because he had not been served, he would have had the opportunity to establish the record he lacks in the instant appeal.