[No. A129985. First Dist., Div. Three. May 25, 2011.]

KAREN AVALOS, Plaintiff and Appellant, v.
ZABDI LOPEZ PEREZ, Defendant and Respondent.

**COUNSEL**

Bay Area Legal Aid and Solmaz Rafiee-Tari for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## Opinion

**POLLAK, J.**—Karen Avalos appeals from an order granting her unopposed request to renew a domestic restraining order against her former boyfriend, Zabdi Lopez Perez. She argues that the court erred in renewing the restraining order for only two years rather than five years, as required by Family Code section 6345, subdivision (a). Perez has made no appearance in this court. We agree with Avalos's contention and therefore shall remand with instructions to modify the order.

### Factual and Procedural History

On June 20, 2008, after receiving evidence of Perez's repeated physical, sexual and mental abuse of Avalos and his threats to physically harm her as well as her family and friends, the court issued a two-year restraining order prohibiting Perez from assaulting, harassing or contacting, either directly or indirectly, Avalos.

On June 18, 2010, Avalos filed a request to renew the restraining order for a period of five years. According to Avalos, she had no contact with Perez after issuance of the original order until sometime in May 2010 when one of Perez's friends came to the restaurant where she worked and told her that Perez was sending her "greetings." She explained that she was requesting renewal of the restraining order because Perez knew where she worked and she was afraid that once the order expired he would try to contact her.

At the hearing on August 13, 2010, Perez did not appear or oppose the motion. The court questioned whether Avalos's declaration showed a reasonable, continuing fear of Perez, but ultimately renewed the restraining order for a period of two years "[b]ased on the contact made through a third party . . . just prior to the restraining order expiring." Avalos filed a timely notice of appeal.

### Discussion

Family Code section 6345, subdivision (a), found within the Domestic Violence Prevention Act (§ 6200 et seq.), provides: "In the discretion of the court, the personal conduct, stay-away, and residence exclusion orders contained in a court order issued after notice and a hearing under this article

may have a duration of not more than five years, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. *These orders may be renewed, upon the request of a party, either for five years or permanently,* without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." (Italics added.) In *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290 [10 Cal.Rptr.3d 387], the court held that a trial court should renew a protective order issued under section 6345 if "it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." The court noted, however, that "a protected party . . . would be entitled to a renewal of the protective order merely upon request, if that request were not contested by the restrained party. In that instance, both the protected party and the court are entitled to assume the restrained party has a good reason for not objecting. It could be because of indifference to a continuance of the protective order. Or it could result from a realization there are no grounds to resist that continuation." (115 Cal.App.4th at p. 1284.) In this case, although the matter was not contested, the court nonetheless found that plaintiff had a "reasonable apprehension" of future abuse based on Perez's recent third party contact with Avalos.

Avalos contends that the court erred in renewing the order for only two years, rather than the five years required by section 6345. Avalos requested a five-year extension in her written request, but did not object at the hearing when the court renewed the order for only two years.

As a general rule, a claim of error will be deemed to have been forfeited when a party fails to bring the error to the trial court's attention by timely motion or objection. (*People v. Simon* (2001) 25 Cal.4th 1082, 1103 [108 Cal.Rptr.2d 385, 25 P.3d 598]; *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 265–266 [92 Cal.Rptr.3d 862, 206 P.3d 403].) " ' " 'The purpose of the general doctrine of waiver [or forfeiture] is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had . . . .' " [Citation.] " 'No procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' . . ." [Citation.] [¶] "The rationale for this rule was aptly explained in *Sommer v. Martin* (1921) 55 Cal.App. 603 at page 610 [204 P. 33] . . . : ' "In the hurry of the trial many things may be, and are, overlooked

which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*People v. Simon, supra,* at p. 1103.) Nonetheless, it is within this court's discretion to make an exception to this rule when the issue on appeal relates to a question of law only, or where the public interest or public policy is involved. (*Bayside Timber Co. v. Board of Supervisors* (1971) 20 Cal.App.3d 1, 5 [97 Cal.Rptr. 431].)

■ As set forth above, upon finding that renewal of a protective order is warranted, the court may renew the order under section 6345 for either five years or permanently. The plain language of the statute does not authorize renewal for only two years. While the court has the discretion to determine the length of an initial stay-away order for up to five years, the sentence authorizing an extension of the order omits the "not more than" terminology of the preceding sentence and requires that the extension be either for five years or permanently. In 2005, the renewal period under section 6345 was extended from three years to five years. (Stats. 2005, ch. 125, § 1, p. 1945.) Legislative history of the extension explains, "The author's office and supporters of this bill contend that extending the duration of these protective orders would save the victims the harrowing ordeal of returning to court every three years to renew the orders and allow them to go about their lives with more peace of mind. Advocates for domestic violence victims also argue that while in three years the physical battering of the victim may have stopped, oftentimes the litigation is drawn out for many years and the court becomes the forum through which the batterers revictimize and traumatize the party protected by the order. . . . Therefore they support the 'modest' increase in the duration of the protective orders from three years to five years." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 99 (2005–2006 Reg. Sess.) as amended Mar. 1, 2005, p. 3.) Avalos is precisely the type of victim the extended renewal period was designed to protect. The type and duration of abuse she suffered was undoubtedly traumatic and Perez's conduct just prior to the expiration of the original restraining order amply supports her continued fear of Perez. Avalos was entitled to the full five-year extension authorized under section 6345. No further proceedings will be required to amend the order to conform to the statutorily required five years. We therefore conclude that the error should be corrected despite Avalos's failure to object at the hearing.

### Disposition

The order is remanded with instructions to extend the restraining order until August 12, 2015.

McGuiness, P. J., and Siggins, J., concurred.