Filed 8/18/14  Chen v. Bank of America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NENG-GUIN CHEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION, N.A.,<br><br>    Defendant and Respondent. | D064958<br><br><br>(Super. Ct. No. 37-2010-00054105-CU-OR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.


Neng-Guin Chen, in pro. per., for Plaintiff and Appellant.

Bryan Cave, Stuart W. Price, Angela Buenaventura and Sarah Samuelson for

Defendant and Respondent.

INTRODUCTION

Neng-Guin Chen appeals a judgment in favor of Bank of America, N.A. (bank) on claims related to the bank's loan collection efforts and its denial of a second loan modification. She contends the trial court erred by denying her leave to file a third amended complaint, by denying her leave to amend her second amended complaint to include a prayer for punitive damages, by granting the bank's motion for summary adjudication of two causes of action without requiring the bank to comply with Code of Civil Procedure section 437c, subdivision (s), and by erroneously instructing the jury on the requirements for her to establish her invasion of privacy claim. We conclude there is no merit to any of these contentions and affirm the judgment.

BACKGROUND

In November 2005 Chen, a real estate broker, refinanced a residential property with an adjustable rate loan through the bank's predecessor, Countrywide Home Loans, Inc. (Countrywide). The loan had an initial interest rate of 2.875 percent. Beginning in June 2006, the interest rate adjusted every six months to the London Interbank Offered Rate plus 1.875 percent. The loan had a maximum interest rate of 8.875 percent.

Effective March 2009 Chen and Countrywide entered into a loan modification agreement. Under the terms of the agreement, the modified loan had an initial fixed interest rate of 4.5 percent and Chen was to make interest-only payments from June 2009 through May 2012. The interest rate would then increase to 5.6 percent and Chen was to begin paying both the principal and interest.

2

In November 2009 Chen stopped making payments on the modified loan. By then, interest rates had dropped to the point the interest rate on her modified loan was higher than the interest rate on her prior loan would have been. Chen asked to modify her loan again; however, the bank declined her request.

In April 2010 Chen sued the bank, alleging causes of action for: (1) violation of the stipulated judgment and injunction in *People v. Countrywide Financial Corp.*, *et al.*, (Super. Ct. L.A. County, N.W. Dist., 2008, No. LC083076); (2) violation of Business and Professions Code sections 17200 and 17500; (3) injunctive relief; and (4) misrepresentation and fraud. Essentially, Chen sought to rescind the loan modification agreement, the note, and the deed of trust, and to enjoin foreclosure.

The bank demurred to the complaint. The court sustained the demurrer without leave to amend as to the first cause of action and with leave to amend as to the remaining causes of action.

In October 2010 Chen filed a first amended complaint alleging eight causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair debt collection practices under the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.) (Rosenthal Act); (4) invasion of privacy; (5) violation of Business and Professions Code section 17500; (6) violation of Business and Professions Code section 17200; (7) intentional misrepresentation; and (8) fraud. In addition to continuing to challenge her modified loan, Chen's first amended complaint alleged the bank violated her privacy by repeatedly attempting to contact her by calling

3

her cell phone and violated Business and Professions Code section 17500 through false advertisements about the bank's National Homeownership Retention Program.

The bank demurred to the first amended complaint. In January 2011 the court sustained the demurrer without leave to amend as to the third and sixth causes of action, finding the Rosenthal Act did not apply to residential mortgage loans. The court sustained the demurrer with leave to amend as to the remaining causes of action, finding various pleading deficiencies. The court also granted the bank's companion motion to strike Chen's prayer for punitive damages.

The same month Chen filed a second amended complaint, alleging causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) invasion of privacy; (4) violation of Business and Professions Code section 17500; (5) violation of Business and Professions Code section 17200, and (6) fraud. Chen principally sought a new loan modification, injunctive relief from foreclosure pending the new loan modification, rescission of her note and deed of trust, and $100,000 in damages. She also once again sought punitive damages.

The bank demurred to the second amended complaint. It also moved to strike the prayer for punitive damages, which Chen did not oppose. The court overruled the demurrer as to the first four causes of action, sustained the demurrer without leave to amend as to the fifth and sixth causes of action, and granted the motion to strike. The court subsequently set a March 2013 trial date. The parties later stipulated to continuing the trial date to July 2013.

Meanwhile, in February 2013 Chen moved for leave to file a third amended complaint to add causes of action for violation of the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227 et seq.) and the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as well as for intentional and negligent infliction of emotional distress. The proposed complaint again sought punitive damages. In April, the court denied the motion, finding it to be untimely because the court was not persuaded the factual basis for the new claims had only recently been discovered or that there was a valid reason for Chen to have waited nearly three years before seeking to assert the new claims. The court also found allowing Chen to file the third amended complaint would necessitate a further continuance of the trial date to accommodate additional motions and discovery.

Around the same time the court denied Chen's motion for leave to file a third amended complaint, the bank filed a motion for summary adjudication of the breach of contract and breach of covenant causes of action in Chen's second amended complaint. In July 2013 the court granted the bank's motion, finding the bank had established it had not breached either its contractual obligations or the covenant of good faith and fair dealing in the manner Chen claimed and she had not raised a triable issue of material fact on this point. The court also found she could not prevail on these causes of action because the bank established she had not fulfilled her own contractual obligations and she had not raised a triable issue of material fact on this point either.

Approximately two weeks before the scheduled trial date and a few days before the court ruled on the bank's summary adjudication motion, Chen applied ex parte for an

5

order shortening time for the court to hear a motion for leave to amend her second amended complaint to add a prayer for punitive damages. The court denied the application without prejudice.

The court later continued the trial date to mid-September 2013. At that time, the parties submitted a joint trial readiness conference report, acknowledging punitive damages were no longer at issue and the only remaining causes of action were for invasion of privacy and violation of Business and Professions Code section 17500. The report also listed the agreed upon jury instructions, which included the CACI 1800 instruction for intrusion into private affairs. During a subsequent pre-trial conference on jury instructions and other matters, Chen expressly stated she had no objection to the version of the CACI 1800 instruction the court intended to use.

The court conducted a jury trial on Chen's invasion of privacy cause of action and the jury returned a verdict in the bank's favor. While the jury was deliberating, the court conducted a bench trial on Chen's claim for violation of Business and Professions Code section 17500. After Chen presented her case, the bank moved for judgment under Code of Civil Procedure section 631.8. The court granted the motion and subsequently entered judgment for the bank.

DISCUSSION

I

*Denial of Leave to File a Third Amended Complaint*

Chen first contends the court erred by denying her motion for leave to file a third amended complaint. Chen has not established any such error.

6

"The court may . . . in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading . . . ."  (Code Civ. Proc., § 473, subd. (a)(1).)  " ' " . . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse.  *More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court.*  Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record." ' "  (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.)

Here, the record shows Chen sought leave to file a third amended complaint nearly three years after commencing this action.  The proposed complaint alleged several new causes of action even though the court had already given her multiple opportunities to state her claims against the bank.  The court found allowing leave to amend would necessitate a continuance of the trial date to accommodate additional discovery and motions.  The court also found the factual basis for the new causes of action was not newly discovered and Chen had not otherwise satisfactorily explained her delay in seeking leave to amend.  We presume the court's findings are supported by the record (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148-1149), and Chen has not identified any record evidence undermining them.

When the granting of leave to amend would necessitate a trial continuance to allow for further trial preparation, the party seeking leave to amend must show he or she has acted diligently.  If the party does not make such a showing, a court does not abuse its discretion in denying leave to amend.  (*Davies v. Symmes* (1942) 49 Cal.App.2d 433,

7

444; see *Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 939-940 ["even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial"].)  As Chen has not shown she acted diligently in this case, we conclude she has not established the court clearly abused its discretion in denying her leave to file a third amended complaint.  (*P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345 [court did not abuse its discretion in denying leave to amend a complaint to add causes of action where granting leave to amend would have required additional discovery and pretrial motions, and plaintiff unreasonably delayed seeking leave to amend].)

II

*Denial of Leave to Add Prayer for Punitive Damages to*
*Second Amended Complaint*

Chen next contends the court erred by denying her leave to add a prayer for punitive damages to her second amended complaint.  We reject this contention for several reasons.

First, despite Chen's characterization of the court's action as the denial of a motion for leave to amend, the court actually denied an application for an order shortening time to bring the motion, not the motion itself.  As the record is silent as to why the court denied the application, we presume the court's decision was correct absent an affirmative showing to the contrary, which Chen has not made.  (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.)

8

Second, the court denied the application without prejudice and Chen never made any further attempt to revisit the matter. Instead, in the joint trial readiness conference report, she agreed punitive damages were no longer an issue in the case. Consequently, she has arguably forfeited this claim of error. (See *Sperber v. Robinson* (1994) 26 Cal.App.4th 736, 742-743.)

Finally, even if we assume the court had actually denied her motion and she had not forfeited the claimed error, she has not established the claimed error prejudiced her. "California's Constitution provides, 'No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' (Cal. Const., art. VI, § 13; see Code Civ. Proc., § 475.)

" ' "The effect of this [constitutional] provision is to eliminate any presumption of injury from error, and to require that the appellate court examine the evidence to determine whether the error did in fact prejudice the [appellant]. Thus, reversible error is a relative concept, and whether a slight or gross error is ground for reversal depends on the circumstances in each case." [Citation.] [¶] The phrase "miscarriage of justice" has a settled meaning in our law, having been explained in the seminal case of *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). Thus, "a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to

9

the appealing party would have been reached in the absence of the error." [Citation.]
"We have made clear that a 'probability' in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*." [Citation.]' [Citation.]

"The *Watson* standard applies in both criminal and civil cases, and requires appellate courts to 'examine "each individual case to determine whether prejudice actually occurred in light of the entire record." [Citations].' [Citation.] Under this standard, the appellant bears the burden to make an 'affirmative showing' the trial court committed error that resulted in a miscarriage of justice." (*Conservatorship of Maria B.* (2013) 218 Cal.App.4th 514, 532-533.)

In this case, Chen sought leave to add a prayer for punitive damages in connection with her invasion of privacy cause of action. Since the jury found squarely against Chen on this cause of action and, for the reasons explained in part IV, *post*, Chen cannot establish the court committed instructional error as to this cause of action, Chen has not shown the exclusion of a prayer for punitive damages resulted in a miscarriage of justice.

III

*Motion for Summary Adjudication*

Chen further contends the court erred by granting the bank's motion for summary adjudication despite the bank's failure to comply with Code of Civil Procedure section 437c, subdivision (s). This subdivision permits a party to "move for summary adjudication of a legal issue . . . that does not completely dispose of a cause of action . . . [¶] upon the stipulation of the parties whose claims or defenses are put at issue

10

by the motion and a prior determination and order by the court that the motion will further the interests of judicial economy, by reducing the time to be consumed in trial, or significantly increase the ability of the parties to resolve the case by settlement." (Civ. Proc. Code, § 437c, subds. (s)(1) & (2).)

We conclude Chen has forfeited this claim of error by failing to object on this basis below. (*Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776-777.) Even if Chen had not forfeited this claim of error, we conclude it lacks merit because the bank's motion for summary adjudication sought to and did dispose of entire causes of action, not parts of them. Accordingly, Code of Civil Procedure section 437c, subdivision (s), did not apply to the bank's motion.

IV

*Invasion of Privacy Jury Instruction*

A

Chen's final contention relates to the jury instruction for her invasion of privacy cause of action. With Chen's express approval, the court instructed the jury, "[Chen] claims in this case that [the bank] violated her right to privacy. To establish this claim, [Chen] must prove all of the following: [¶] One, that [Chen] had a reasonable expectation of privacy in connection with receiving phone calls on her cell phone from [the bank] regarding her home loan; [¶] Two, that [the bank] intentionally intruded by calling [Chen] on her cell phone regarding her home loan; [¶] Three, that [the bank's] phone intrusion would be highly offensive to a reasonable person; [¶] Four, that [Chen]

11

was harmed; [¶] And, five, that [the bank's] conduct was a substantial factor in causing [Chen's] harm.

"In deciding whether [Chen] has a reasonable—or had a reasonable expectation of privacy, you should consider, among other factors, the following:  The identity of [the bank], the extent to which other persons had access to [Chen's] cell phone, and the means by which the intrusion occurred.  [¶]  In deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:  The circumstances surrounding the intrusion, [the bank's] motives and goals, the setting in which the intrusion occurred, how much privacy [Chen] could expect in that setting, and whether the intrusion was objectively reasonable to an ordinary person."

B

Notwithstanding her express approval of the instruction, Chen now contends the court prejudicially erred in giving it because it misstated her claim.  Specifically, she contends the instruction required the jury to determine whether the bank invaded her privacy by calling her cell phone about her home loan when her true claim was that the bank invaded her privacy by disrupting her workplace with repeated calls to her cell phone while she was trying to talk with and show properties to her clients.

However, by expressly approving the instruction and not requesting any additional instructions, Chen has forfeited this contention.  (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1130.)  " ' " 'In a civil case, each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation; if the parties do not do so, the court has no duty to instruct on its own motion.'

12

[Citations.]"  [Citation.]  Neither a trial court nor a reviewing court in a civil action is obligated to seek out theories plaintiff might have advanced, or to articulate for him that which he has left unspoken.'  [Citation]  . . . Where, as here, "the court gives an instruction correct in law, but the party complains that it is too general, lacks clarity, or is incomplete, he must request *the additional or qualifying instruction in order to have the error reviewed.*"  [Citations.]'  [Citation.]  [Chen's] failure to request any different instructions means [she] may not argue on appeal the trial court should have instructed differently."  (*Id.* at pp. 1130-1131.)

### DISPOSITION

The judgment is affirmed.  Respondent is awarded its appeal costs.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


NARES, J.


13