Filed 3/4/15  Marriage of Williams and Duval CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of TAMMY L. WILLIAMS and DAMON DUVAL | B253079 c/w B256223 |
| TAMMY L. WILLIAMS, | (Los Angeles County Super. Ct. No. SD023958) |
| Respondent, | |
| v. | |
| DAMON A. DUVAL, | |
| Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Bruce G. Iwasaki, Judge.  Affirmed.

Damon A. Duval, in pro. per.; Rosario Perry for Appellant.

No appearance for Respondent.

In this consolidated appeal, Damon A. Duval (appellant) challenges two family law court orders: (1) a December 2, 2013 order to renew a Domestic Violence Prevention Act (DVPA) restraining order; and (2) an April 18, 2014 order denying appellant's request to modify an existing custody and visitation order.[1] We affirm both orders.

## BACKGROUND

**Restraining order**

Appellant's former spouse, Tammy Ladonna Williams Boesch (Williams), obtained a DVPA restraining order against appellant on April 17, 2008. The order required, among other things, that appellant stay at least 100 yards away from Williams, Williams's and appellant's two minor children, and the children's school. The restraining order was in effect until June 10, 2008, but was subsequently renewed by the trial court to December 10, 2008, December 10, 2009, December 18, 2010, and December 10, 2013.

On November 5, 2013, Williams filed a request to renew the restraining order permanently on the grounds that appellant had continued to harass her and to interfere with her custody of their children since the order was last renewed. In support of her request, Williams submitted a declaration in which she described appellant's conduct between 2009 and 2013. Appellant opposed renewal of the order on the ground that the previous DVPA order was void.

Both parties testified at the November 27, 2013 contested hearing. Williams testified that appellant had gone to the children's school during the summer, in violation of the existing restraining order, and that he telephoned the children at inappropriate times. Appellant admitted going to the children's school but argued that he was allowed to do so and that the restraining order was void. The trial court admonished appellant that his position that the existing DVPA order was void and unenforceable was a source

---

[1]  Appellant erroneously refers to a "final order made on 11/27/13" which was the date of hearing for the Request for Order re Renewal of Restraining Order. The ruling following that hearing was issued December 2, 2013, and is the order from which the appeal is taken.

2

of great concern for both the court and Williams. Appellant denied having any intention of going to Williams's home or of communicating with her in the future but said he wanted to maintain contact with the children.

At the conclusion of the hearing, the trial court modified the arrangement for appellant's telephone calls with the children from alternate days to odd-numbered days of the month. The court then stated that it was inclined to renew the restraining order in favor Williams permanently. The trial court expressed concern, however, about permanently denying appellant contact with the children. The court stated its intention to extend the protective order in favor of the children until further order of the court and then took the matter under submission.

On December 2, 2013, the trial court issued a written order in which the court found that appellant's conduct gave Williams a reasonable apprehension of future harm that justified renewal of the protective order. The court renewed the DVPA order permanently in favor of all protected parties, including the children, but noted that either party could seek future modification of the parenting plan if such modification is in the best interests of the children.

**Custody and visitation order**

Pursuant to a child custody and visitation order that was issued some time before April of 2008, Williams was accorded sole physical custody of the parties' two minor children and appellant was accorded visitation. [2] At an April 17, 2008 hearing on an order to show cause filed by appellant for increased visitation, the trial court denied appellant's request and ordered appellant to obtain mental health counseling at St. John's Child and Family Development Center or through Family Services of Santa Monica pursuant to the provisions of Family Code section 3190. [3] The court ordered appellant to

---

[2]    The initial child custody and visitation order granting father visitation was not included in the record on appeal.

[3]    Family Code section 3190 authorizes the court to require parents involved in a custody or visitation dispute to participate in outpatient counseling with a licensed mental health professional, or through other community programs and services that provide

complete a minimum of one session every two weeks and to provide proof of enrollment to counsel for the children by May 1, 2008.

At a subsequent hearing held on June 10, 2008, the trial court found that appellant had not complied with the court's previous order to attend counseling. Appellant was given a copy of the order directing him to Family Services of Santa Monica.

By December 2008, appellant still had not enrolled in court ordered counseling, and the trial court suspended appellant's visitation pending proof of his enrollment in and commencement of weekly therapy at Santa Monica Family Services. The court ordered that appellant's visits would be reinstated after he had commenced and consistently attended therapy on a weekly basis for six weeks. Once reinstated, appellant's visits would be monitored at a SAFE for Children facility for four hours one weekend day each week. After appellant completed six consecutive months of weekly therapy, the court would conduct a review hearing to consider increasing appellant's visits to include a mid-week visits.

Appellant did not enroll in therapy at Family Services of Santa Monica but sought unsuccessfully in January, July, and December of 2009 to reinstate his visitation.

On March 13, 2014, appellant filed a request for an order modifying the child custody and visitation order to reinstate his visitation with the children and to allow him unmonitored visits, including weekend and overnight visits. In support of his request, appellant submitted, among other documents, his own declaration stating that he had completed all court-ordered counseling; two letters dated October 24, 2011 and January 21, 2013, from psychologist Jack B. Share stating that appellant had, since September 22, 2011, attended weekly psychotherapy sessions with Share for a six-month period, and three additional sessions in August and September 2012, and a telephonic session in January 2013; and three letters, dated April 23, 2008, May 29, 2009, and December 17, 2012, from a psychiatrist named Dr. William C. Wirshing, stating his opinions that

appropriate counseling, if the court finds that the dispute between the parents poses a substantial danger to the best interests of the child, and that counseling is in the best interest of the child. (Fam. Code, § 3190, subd. (a).)

4

appellant does not suffer from any significant psychopathology and that there is no medical reason to believe appellant could not perform customary parenting responsibilities. Neither Wirshing nor Share were affiliated with Family Services of Santa Monica.

Williams filed a responsive declaration to appellant's request for order, opposing any change in visitation until appellant complied with the requirements of the current child custody and visitation order.

At the April 18, 2014 hearing on appellant's request, the trial court asked appellant why he had not complied with the requirements of the existing child custody and visitation order. Appellant responded that he could not afford to pay for services provided by Family Services of Santa Monica, so he sought services elsewhere and eventually went to see psychologist Jack Share. The trial court found that appellant had not filed a request to modify the 2008 visitation order to obtain authorization to attend therapy sessions at another approved location and that appellant had failed to comply with the requirements of the existing custody and visitation order. The court ruled that the letters from Drs. Wirshing and Share were inadmissible hearsay and denied appellant's request for order for lack of admissible evidence showing grounds to modify the existing custody and visitation order.

Appellant filed separate appeals from the December 2, 2013 order renewing the DVPA order and from the April 18, 2014 order denying his request to modify the custody and visitation order. We consolidated the two appeals.

## DISCUSSION

### I. Restraining order

Family Code section 6345, subdivision (a) provides that a DVPA restraining order "may be renewed, upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject o termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." In a contested case involving renewal of a DVPA restraining order, "[a] trial court should renew the protective order, if, and only if,

5

it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse. . . . [T]his does not mean the court must find it is more likely than not future abuse will occur if the protective order is not renewed. It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension is genuine and reasonable." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) The trial court's ruling on a request to renew a DVPA restraining order is reviewed for an abuse of discretion. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

Appellant argues that renewal of the DVPA restraining order was invalid because the initial DVPA order, and all subsequent renewals of that order, were "void."[4] He offers no authority or analysis, however, to support that argument. Appellant's claim that the initial DVPA order was, for unspecified reasons, "void" and unenforceable is not a valid ground for challenging renewal of the order. (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 334 [in challenging the renewal of a DVPA restraining order, the restrained party may not challenge the truth of the evidence and findings underlying the initial order].)

Substantial evidence supports the trial court's finding that Williams had a reasonable apprehension of future harm by appellant. At the November 27, 2013 hearing, Williams testified that appellant went to the children's school in 2013, in violation of the existing order requiring him to stay at least 100 yards away from school. Appellant admitted going to the children's school in violation of the existing restraining order. Evidence that a restrained party knowingly violated a protective order in a manner that

---

**4**     In his brief and at oral argument, appellant cited *Avalos v. Perez* (2011) 196 Cal.App.4th 773 (*Avalos*) as support for the argument that the initial DVPA restraining order and all subsequent renewals of that order were void. The court in *Avalos* held that the plain language of Family Code section 6345, subdivision (a), which authorizes renewal of a DVPA order "upon the request of a party, either for five years or permanently," does not authorize renewal for only two years. *Avalos* does not apply to the order at issue in this appeal, as that order permanently renewed the DVPA. The initial DVPA order and the orders renewing it in 2008, 2009, and 2010 are not subjects of this appeal.

6

causes reasonable apprehension to the protected party is a sufficient basis for renewal of the order. (*Lister v. Bowen, supra*, 215 Cal.App.4th at p. 335.)

Appellant claims he went to the children's school in June of 2013 because the school asked him to do so in order to obtain the children's school records, and that the trial court precluded him from presenting this "evidence." Appellant did not argue in the trial court below that he was at the children's school as the result of a request by the school itself, nor did the trial court preclude appellant from presenting evidence at the hearing. Rather, the record shows that appellant admitted he was unprepared to present any witnesses or other evidence at the November 27, 2013 hearing.

Appellant contends he was denied his constitutional right to an evidentiary hearing on renewal of the restraining order. The record discloses no violation of appellant's constitutional rights. Appellant had notice of Williams's request to renew the restraining order, and he filed a written opposition to that request. Appellant had notice of, appeared, and argued at the November 27, 2013 contested hearing. At that hearing, appellant was accorded the opportunity present witnesses and evidence, but he was not prepared to do so.

The record discloses no legal error nor any abuse of discretion by the trial court.

## II. Custody and visitation order

An appellate court reviews custody and visitation orders for abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Under this standard of review, an appellate court must uphold the trial court's ruling if it is correct on any basis, regardless of whether or not that basis was invoked in the trial court. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.)

Under Family Code section 3022.3, upon a timely request by a party, the trial court must issue a statement of decision, pursuant to Civil Code section 632, explaining the factual and legal basis for its decision "[u]pon the trial of a question of fact in a proceeding to determine the custody of a minor child." (Fam. Code, § 3022.3.) If the trial court will be concluded within one calendar day or in less than eight hours over more than one day, the request must be made prior to submission of the matter for decision.

(Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590(n).) Appellant's request, filed before the hearing on his motion to modify the custody and visitation order, was timely.

Appellant claims the trial court improperly denied his request for a statement of decision at the conclusion of the April 18, 2014 hearing, denying him his due process right to a statement of the factual and legal basis for the court's ruling. Under Code of Civil Procedure section 632, a written statement of decision need not be provided "when the trial is concluded within one calendar day or in less than 8 hours over more than one day." In such cases, the statute provides that "the statement of decision may be made orally on the record in the presence of the parties." (*Ibid.*) The reporter's transcript of the April 18, 2014 hearing indicates that the hearing on appellant's request to modify the custody and visitation order was concluded within one calendar day. At the conclusion of the hearing, the trial court stated on the record and in the presence of the parties the basis for its ruling, as follows: "The request for order is denied for lack of admissible evidence showing grounds for modification of the custody and visitation order." Appellant failed to establish any due process violation based on the absence of a written statement of decision.

The child custody and visitation order appellant sought to modify had suspended appellant's visitation pending proof of his enrollment in and commence of weekly therapy at Family Services of Santa Monica, as ordered by the trial court in April 2008. Between April 2008 and the April 2014 hearing on appellant's request to increase his visitation, appellant failed to enroll in and commence weekly therapy at Family Services of Santa Monica. Appellant provided no admissible evidence of his compliance with the terms of the existing visitation order. The trial court's denial of appellant's request to modify the custody and visitation order accordingly was not an abuse of discretion.

8

# DISPOSITION

The December 2, 2013 order renewing the DVPO restraining order against appellant and the April 18, 2014 order denying appellant's request for an order modifying the existing custody and visitation order are both affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST