Filed 2/25/22  Conservatorship and Estate of E.P. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Conservatorship of the Estate of E.P. | 2d Civil No. B310235 (Super. Ct. No. 1132787) (Santa Barbara County) |
| SHARON C. KENNEDY, as Conservator, etc., | PUBLIC—REDACTED VERSION OF OPINION |
| Petitioner and Respondent, | Redacts material from sealed record.[1] (Cal. Rules of Court, rules 8.45, 8.46(f)(1) and (f)(2).) |
| v. | |
| ANNE P., | |
| Objector and Appellant; | |
| E.P., | |
| Real Party in Interest. | |

[1] This case involves material from a sealed record.  In accordance with California Rules of Court, rule 8.46(f)(1) and (f)(2), we have prepared both public (redacted) and sealed (unredacted) versions of this opinion.  We hereby order the unredacted version of this opinion sealed.

1

A conservator petitioned the probate court for substituted judgment to amend the conservatee's revocable trust. (Prob. Code,[2] § 2580 et seq.) At the conservatee's request, the trial court sealed portions of the record. The conservatee's sister and potential heir objected to the petition and sealing order. The probate court granted the petition with the record sealed. The objector appeals. We affirm.[3]

## FACTS

Edwin and Victoria P. had three children, J.P., Anne P.,[4] and E.P. Edwin and Victoria are now deceased. J.P. is profoundly disabled. Anne is his conservator.

E.P. is mildly developmentally disabled. Sharon Kennedy, a licensed fiduciary, is conservator of E.P.'s estate. Dee Duncan is conservator of E.P.'s person.

E.P. is the sole income and principal life beneficiary of the E.P. Revocable Trust (hereafter "the Trust"). The Trust was last amended in 1998. The 1998 version of the Trust provides that upon E.P.'s death, the corpus would be distributed "to the charitable organization where [E.P.] was housed or was a client at the time of her death." At the time of the amendment, E.P was living at the Devereux Foundation. E.P now lives in a home owned by her conservatorship estate. She does not expect to reside with a charitable organization in the future. Kennedy is the sole trustee.

---

[2] All statutory references are to the Probate Code.

[3] Appellant's motion to unseal the record is denied.

[4] We refer to Anne P. by her first name for clarity, not out of disrespect.

## *Petition*

Kennedy petitioned for substituted judgment to exercise the right of the conservatee to modify the Trust.

The petition alleged that E.P. is 61 years old, has no spouse or domestic partner, and no children. Dana Longo has been appointed by the court to serve as her attorney.

The petition was based on information Kennedy received from Longo. Longo's declaration was attached to the petition. He declared as follows: "Although E.P. suffers from disabilities, she is articulate, confident and unequivocal in stating her desires pertaining to the disposition of her assets upon her death."

------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
--------------------------------[REDACTED]----------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------
------------------------------------------------------------------------

Longo opined that E.P. has the capacity to form and express her estate planning wishes. E.P. does not want her estate planning documents to be made public, and is strongly

opposed to Anne receiving a copy. Kennedy applied to file records under seal.

*Opposition*

Anne filed opposition to the petition for substituted judgment on the grounds that E.P. lacks the capacity to make a will or trust and that she is highly susceptible to undue influence and manipulation.

Anne alleged that her attorney, Robert Baskin, spoke with Longo. Longo said he was drafting a new trust for E.P. that would leave a significant portion of her estate to New Directions. The conservator of E.P.'s person is the executive director and highest paid employee of New Directions.

Duncan worked for many years at the Devereux Foundation where E.P. resided from 1983 until 2002. Duncan became acquainted with the families of Devereux patients who had money and cultivated a relationship with E.P.'s mother. After Duncan became the conservator of E.P.'s person, E.P. ended communication with Anne and lifelong friends. Until then, Anne had a positive relationship with E.P. Duncan has interfered with E.P.'s relationships and isolated her.

*Psychological Evaluation*

At a hearing on the petition, the trial court announced that it was considering appointing psychologist Rebecca Goodman to do a capacity evaluation. Anne's attorney agreed. E.P.'s attorney stated that E.P. already has a report from Goodman. The report concluded, in part: "It is my judgment that [E.P.] has capacity to choose to whom she gifts or bequeaths money . . . . She has clear and consistent preferences about to whom she would gift or bequeath money. These are described above. I see no evidence

4

that these stated preferences were unduly influenced by anyone else."  E.P.'s attorney read the report's conclusion in open court.

*Sealing Order*

The trial court made the following sealing order:  "It is hereby ORDERED, ADJUGED and DECREED that the Confidential Estate Planning Document, Declaration of Counsel for Conservatee, Application to File Records Under Seal, Memorandum of Points and Authorities in Support of Application, and Neuropsychological Capacity Evaluation of the Conservatee by Rebecca Goodman, Ph.D., be filed by the Clerk of the Court UNDER SEAL."

DISCUSSION

I

*Statutory Authorization*

A conservator may file a petition for an order of the court authorizing the conservator to exercise the right of the conservatee to revoke or modify a revocable trust.  (§ 2580, subd. (b)(11).)  The court may make such an order only if it determines that a) the conservatee either does not oppose the proposed action or if opposed lacks capacity for the proposed action; and b) the proposed action will have no adverse effect on the estate or the estate remaining will be adequate to provide for the needs of the conservatee and those legally entitled to the conservatee's support.  (§ 2582.)  After a hearing, the court, in its discretion, may approve, modify, or disapprove the proposed action. (§ 2584.)

## II

### *Standard of Review*

We review the trial court's grant of an application for substituted judgment for an abuse of discretion. (§ 2584; *Conservatorship of Hart* (1991) 228 Cal.App.3d 1244, 1253.)

## III

### *Evidentiary Hearing*

Anne contends the trial court erred in denying her request for an evidentiary hearing.

Anne relies on section 1022, which provides, "An affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code." The general rule is that affidavits may not be used as evidence at a contested probate hearing. (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1308-1309.) But the restriction on the use of affidavits is inapplicable when the parties do not object to the use of affidavits and both parties adopt that means in support of their positions. (*Id.* at p. 1309.)

Here both parties elected to proceed by way of affidavits to support their positions. Anne's responding papers did not request an evidentiary hearing. It was only after Anne received the trial court's tentative ruling that she orally demanded an evidentiary hearing. Anne presents no authority allowing her to elect to proceed by declaration, then change her mind when it appears the court is about to rule against her.

Moreover, Anne did not submit an offer of proof and she makes none in her briefs on appeal. That the trial court may be aware of contested facts is not an offer of proof. The failure to make an offer of proof in the trial court precludes consideration

6

on appeal of an allegedly erroneous exclusion of evidence.  (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 282.)

Anne contends that without an evidentiary hearing, there is no admissible evidence to support the trial court's order.  But Anne has waived that argument by electing to proceed by declaration.

## IV
### *Notice*

Anne contends that proper notice of the petition was not given.

Anne relies on section 2581, subdivision (c), requiring notice to beneficiaries under any document executed by the conservatee that may have testamentary effect.  Anne points out that no notice was given to the Devereux Foundation.

But Anne cites no authority giving her standing to object to lack of notice to others.  (*In re J.T.* (2011) 195 Cal.App.4th 707, 717 [to have standing, a party's personal rights must be affected by the ruling].)

## V
### *Modification of Trust*

Anne contends that section 2580 prohibits modification of the Trust.

Section 2580, subdivision (b)(11) provides, in part, "[T]he court shall not authorize or require the conservator to exercise the right to revoke or modify a revocable trust if the instrument governing the trust . . . evidences an intent to reserve the right of revocation or modification exclusively to the conservatee."

Anne claims a Trust provision requiring the trustor's signature on any modification evidences such an intent.  Anne does not cite the Trust provision.

7

The only such provision is in paragraph 4.1.2 of the Trust under the heading "Power to Amend." It provides: 'The Settlor may amend any of the terms of this Trust Agreement at any time during the Settlor's lifetime by an instrument in writing signed by the Settlor and delivered to the Trustee."

That is a standard clause reserving to the settlor the right to amend the Trust. It delineates how the settlor may exercise that right. It does not evidence the intent to reserve the right exclusively to the conservatee.

VI

*Sealing Order - E.P.'s Constitutional Right to Privacy*

Anne contends neither the conservator nor the conservatee have the right to prevent disclosure of E.P.'s proposed estate plan to the public or interested parties.

The California Constitution guarantees "[a]ll people" the right to privacy. (Cal. Const., art. I, § 1.) "All people" includes conservatees. The right includes "intimate personal decisions [and] conducting personal activities without observation, intrusion or interference." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 35.) The right to privacy extends to estate planning documents. (*Estate of Gallio* (1995) 33 Cal.App.4th 592, 594 [right precludes discovery of a living person's will], overruled in part on other grounds by *In re Brace* (2020) 9 Cal.5th 903, 925; see also § 16069, subd. (a)(1) [trustee not required to provide the terms of a revocable trust to a beneficiary].)

Anne claims E.P. waived her right of privacy by placing her mental state at issue. But E.P. did not place her mental state at issue. Anne did. It was Anne, not E.P., who claimed that E.P. was subject to undue influence. Moreover, the moving papers

8

were filed by Kennedy. Anne cites no authority giving Kennedy the power to waive E.P.'s right to privacy, particularly when such a waiver would be contrary to E.P.'s expressed wishes.

Anne argues section 2583 requires the probate court to consider all the circumstances in granting or denying a substituted judgment petition. She claims the probate court cannot consider all the circumstances if it seals part of the record. But the record is not sealed from the probate court. It has full access to all the documents filed. Anne cites nothing in the record to show that the trial court did not consider all the relevant circumstances.

Anne claims the sealing order denied her due process. But she cites no authority giving her due process rights in another person's estate plan. Anne's reliance on *Estate of Buckman* (1954) 123 Cal.App.2d 546, 560, is misplaced. There the court held that an executor appointed under a will had a due process right to notice and hearing before being removed. Anne is not E.P.'s executor, trustee, or conservator. She has no interest in E.P.'s Trust or estate plan.

Anne argues the probate court failed to make the finding required by California Rules of Court, rule 2.550(d). That rule provides:

"The court may order that a record be filed under seal only if it expressly finds facts that establish:

"(1) There exists an overriding interest that overcomes the right of public access to the record;

"(2) The overriding interest supports sealing the record;

"(3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;

"(4) The proposed sealing is narrowly tailored; and

"(5) No less restrictive means exist to achieve the overriding interest."

The probate court found: "The overriding interest in maintaining the confidentiality of the conservatee's Neuropsychological Capacity Evaluation and the conservatee's testamentary desires overcomes the right of public access to such report and to the provisions of her estate plan and is sufficient to support the sealing of the report and of paragraph 2 of Article III of the [E.P.] Trust as set forth in the Amended and Restated Trust and paragraphs 5–10 and 14 (partial) of the Declaration of Dana F. Longo, attorney for the conservatee. Such provisions are not required to be included in the Petition for Substituted Judgment to Exercise Right of Conservatee to Modify Revocable Trust and to Execute Pour-Over Will on Behalf of Conservatee and to Authorize Transfer of Assets of Conservatorship Estate to Trustee."

First, Anne fails to point to anywhere in the record where she raised the issue in the probate court. She claims she did not receive a copy of the sealing order until after the hearing. But she does not explain what prevented her from raising an objection after she received the order. Had she done so, the probate court could have amended its order. The failure to object in the probate court waives the issue on appeal. (*Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776.)

Second, the probate court substantially complied with California Rules of Court, rule 2.550(d). The court expressly found that E.P. has an overriding interest in her privacy that overcomes the right of public access. The court also expressly found that the overriding interest is sufficient to support sealing of the record. The court's order is limited to specific paragraphs

10

and is thus narrowly tailored.  That there is a substantial probability that the overriding interest will be prejudiced if the record is not sealed and that no less restrictive means exist are obvious from the circumstances that led to the sealing order.  E.P. does not want Anne to know her estate plan.  She has that right.  Anne suggests no other way to protect E.P.'s right.

DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondent and real party in interest.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

11

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Law Office of Robert M. Baskin and Robert M. Baskin for Objector and Appellant.

Miller & Berryhill, Mary Jane Miller; Ferguson Case Orr Paterson and Wendy C. Lascher for Petitioner and Respondent.

Fauver, Large, Archbald & Spray and Dana F. Longo for Real Party in Interest.