Filed 10/27/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ASHLEY McCALL HART, | B338817 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 17STFL06184) |
| v. | |
| STEVEN HART, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Christine J. Gonong, Judge.  Reversed and remanded with directions.

Melissa B. Buchman for Plaintiff and Appellant.

Steven Hart, in pro. per., for Defendant and Respondent.

————————————————

Appellant Ashley McCall Hart (Ashley) appeals from an order renewing a domestic violence restraining order (DVRO) against respondent Steven Hart (Steven) for a period of nine months. Ashley contends that Family Code[1] section 6345, subdivision (a), establishes a minimum five-year renewal period for restraining orders and that the family court lacked discretion to order renewal for any shorter period. We agree and accordingly remand the matter to the family court with directions to modify the order.

## BACKGROUND

Ashley and Steven were married in 2010. They have two children. In October 2017, Ashley filed a petition for dissolution of marriage. On the same date, she filed a request for a DVRO against Steven. The family court granted a temporary restraining order and set the matter for hearing. Prior to the hearing, Steven filed his own request for a DVRO against Ashley. The family court granted a temporary restraining order in favor of Steven and set the matters to be heard together.

After several days of testimony, the joint DVRO hearings concluded in February 2018. The family court denied Steven's request for a DVRO and granted Ashley's request, issuing a permanent DVRO for a period of one year.

Slightly less than a year later, Ashley filed a request to renew the DVRO. She dismissed the request with prejudice soon after, however, in accordance with a settlement agreement she reached with Steven to resolve the dissolution action. The parties' stipulated judgment for dissolution was entered by the court in July 2019.

In July 2023, Ashley again filed a request for a DVRO against Steven. After hearing testimony and receiving evidence, the family court issued a nine-month DVRO on September 28, 2023.

---

[1] Undesignated statutory references are to the Family Code.

Just prior to the expiration of the nine-month DVRO, Ashley filed a request to renew it.  The matter, including testimony, was heard on May 9, 2024.  At the conclusion of the hearing, the family court granted the requested renewal of the DVRO.  In granting the request, however, the court stated that it was "not inclined to have a long duration.  I think that another nine-month renewal would be sufficient."  Counsel for Ashley objected to this stated duration, arguing that a five-year period was the minimum allowed by statute.  The court rejected the argument, finding that it had discretion to issue a renewal of less than five years and ordering that the DVRO be renewed for a period of nine months.

Ashley filed a timely notice of appeal.[2]

### DISCUSSION

The only issue in this appeal is whether the family court had discretion under section 6345 to renew the DVRO for a period of less than five years.[3]  We review this question of law de novo.  (*Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 626 ["The interpretation of a statute is a question of law, subject to de novo review"].)

Section 6345 is set forth in the Domestic Violence Prevention Act (§ 6200 et seq.), which has the stated purpose of "prevent[ing] acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of

---

[2] The order granting renewal of the DVRO is appealable.  (Code Civ. Proc., § 904.1, subd. (a)(6) [an order granting an injunction is appealable]; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1502.)

[3] Steven, appearing in pro. per., submitted a respondent's brief that did not address the sole issue raised in Ashley's opening brief.  Nonetheless, we do not treat Steven's deficient briefing as an admission of error, but "independently examine the record and reverse only if prejudicial error is found."  (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203.)

the violence." (§ 6220.)  In furtherance of this purpose, a trial court may issue a DVRO upon a showing "to the satisfaction of the court, [of] reasonable proof of a past act or acts of abuse."  (§ 6300, subd. (a).)

The duration of an initial DVRO may not exceed five years. (§ 6345, subd. (a).)  Section 6345, subdivision (a), however, provides for a different effective period when it comes to renewal of a DVRO; a DVRO "may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (*Ibid.*)

"The legal standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse. [Citation.]  '[T]his does not mean the court must find it is more likely than not that abuse will occur if the protective order is not renewed.  It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension genuine and reasonable.'  [Citation.]  An imminent and present danger of abuse is not required; there must only be a reasonable apprehension that 'abuse will occur at some time in the future if the protective order is allowed to expire.'  [Citation.]"  (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179.)  It is "unnecessary for the protected party to introduce or the court to consider actual acts of abuse the restrained party committed after the original order went into effect."  (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1284.)

In this matter, the family court, in granting renewal of the DVRO in May 2024, found that Ashley demonstrated a reasonable apprehension of future abuse.[4]  The court, however, stated that it was

---

[4] Steven appears to argue against this finding in his respondent's brief.  Since he did not file a notice of appeal from the order, he has forfeited any claim of error on appeal.  (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 665 [respondent who fails to appeal may not raise

4

"exercising [its] discretion" in renewing the DVRO for only nine months.

We conclude that the family court's ruling renewing the DVRO for a period of less than five years was contrary to the mandatory minimum duration set out in section 6345 and must be reversed. The family court simply did not have discretion to order renewal for a period of less than five years.

The court in *Avalos v. Perez* (2011) 196 Cal.App.4th 773 (*Avalos*), examining a former, though substantially similar version of section 6345, came to the same conclusion. At the time *Avalos* was decided, section 6345, subdivision (a) read, in pertinent part, that a DVRO "may be renewed, upon the request of a party, either for five years or permanently . . . ." (Former § 6345, subd. (a), Stats. 2005, ch. 125, § 1.) In *Avalos*, the trial court renewed a DVRO for only two years. (*Avalos*, *supra*, at p. 775.) In finding the trial court's order erroneous, the *Avalos* court determined that "[t]he plain language of the statute does not authorize renewal for only two years." (*Id.* at p. 777.) Instead, under the then-effective statutory language, the court could "renew the order . . . for either five years or permanently." (*Ibid.*)

*Avalos* went on to examine the legislative history of a 2005 statutory amendment extending the minimum renewal period from three years to five years. (*Avalos, supra,* 196 Cal.App.4th at p. 777.) The purpose of the extension was explained as " 'extending the duration of these protective orders would save the victims the harrowing ordeal of returning to court every three years to renew the orders and allow them to go about their lives with more peace of mind.' " (*Ibid.*, quoting Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 99 (2005–2006 Reg. Sess.) as amended Mar. 1, 2005, p. 3.) Stated differently, the point of the 2005 extension "was to protect

---

claim of error]; *Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585 [accord].)

all victims of domestic violence from retraumatization caused by frequent court visits to renew DVROs." (*Priscila N. v. Leonardo G.* (2017) 17 Cal.App.5th 1208, 1214.)

Section 6345, subdivision (a) currently states that a DVRO "may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (*Ibid.*) This language differs from the prior version of the statute in that a court may renew a DVRO "for five or more years, or permanently," as opposed to "five years or permanently." Further, the statute now contains the additional provision that the subject duration is "at the discretion of the court."

The trial court here apparently believed that the phrase "at the discretion of the court" overrode the phrase just prior that a DVRO "may be renewed . . . either for five or more years, or permanently." Examining the plain language of the statute, we conclude that the discretion now explicitly afforded the trial court is simply to decide whether the duration of a renewal should be for five years, or a longer period, or permanently. No plausible reading allows the trial court to exercise its discretion in a manner that would disregard the minimum stated period of five years.

This conclusion is compelled by basic rules of statutory interpretation. We give statutory language "its usual and ordinary meaning, and '[i]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' " (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232–1233.) Section 6345, subdivision (a) expressly lists several possible renewal periods that the trial court may choose from; a period of less than five years is not one of the choices. (See *Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 89–90 [under "the maxim *expressio unius est exclusio alterius* . . . 'the enumeration of things to which a statute applies is presumed to

exclude things not mentioned' "].)  Were we to disregard the delineated permissible renewal periods, we would run afoul of the principle that " 'interpretations which render any part of a statute superfluous are to be avoided.' "  (*Young v. McCoy* (2007) 147 Cal.App.4th 1078, 1083.)  Moreover, although section 6345, subdivision (a) grants the trial court some discretionary authority, the court's discretion is bounded by the terms of the statute.  (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773; *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393.)  That is, the trial court has discretion, but it is simply the discretion to choose one of the periods stated in section 6345, subdivision (a)—five years, more than five years, or permanent.

The legislative history of the statute further supports this conclusion.  As noted previously, the legislative purpose of the 2005 statutory amendment extending the minimum renewal period from three to five years was to " 'save the victims the harrowing ordeal of returning to court every three years to renew the orders . . . .' "  (*Avalos, supra,* 196 Cal.App.4th at p. 777.)  More recent statutory amendments evince no intention of abandoning this goal of reducing the frequency of court appearances required for renewals.  For example, Senate Bill No. 935 (2021–2022 Reg. Sess.) amended the statute to provide that the renewal period be "either for five or more years, or permanently, at the discretion of the court."  The Assembly Committee on Judiciary explained that the bill "provides that renewals shall be, at the court's discretion, for any duration of five or more years, or permanently."  (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 935 (2021–2022 Reg. Sess.), pp. 3–4.)  This analysis comports with the language of the statute, requiring a renewal period of at least five years, with any additional duration at the trial court's discretion.

The family court in this matter thus erred in granting a renewal of only nine months.  While the court expressed its belief at the hearing that a renewal of more than nine months was unwarranted given the

circumstances, section 6345, subdivision (a) did not afford the court discretion to order a renewal of less than five years.[5]  We accordingly direct the court to amend its order to provide for a five-year renewal (it being clear that the court would not have exercised its discretion to order a longer renewal).

## DISPOSITION

The May 9, 2024, order is reversed to the extent that it provides for a nine-month renewal, and the matter is remanded to the family court with instructions to modify the order to provide for a five-year renewal, expiring May 9, 2029.  The parties shall bear their own costs on appeal.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.

---

[5] The statute does provide, however, that a renewal "shall be subject to termination [or] modification . . . by further order of the court either on written stipulation filed with the court or on the motion of a party."  (§ 6345, subd. (a).)  Therefore, going forward, if the issue is properly presented to the family court (by stipulation or motion), the court will have authority to terminate or modify the renewal if appropriate.

8