Filed 11/15/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARIA G. GARCIA, | B279530 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LQ020533) |
| v. | |
| GILBERT ESCOBAR, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert E. Willett, Judge. Affirmed with directions.

Family Violence Appellate Project, Catherine Ongiri, Erin C. Smith, Jennafer Dorfman Wagner, Anya Emerson; Mayer Brown, Donald M. Falk and Samantha Booth for Plaintiff and Appellant.

Pepper Hamilton, Pamela S. Palmer, Brian M. Nichilo and Courtney A. Munnings for the California Women's Law Center as Amicus Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

\* \* \* \* \* \*

"A 'juvenile court' is a superior court exercising limited jurisdiction arising under juvenile law." (*In re Chantal S.* (1996) 13 Cal.4th 196, 200.) " '[F]amily court' refers to the activities of one or more superior court judicial officers who handle litigation arising under the Family Code. It is not a separate court with special jurisdiction, but is instead the superior court performing one of its general duties." (*Id.* at p. 201.) Both the juvenile court and the family court may issue protective orders to protect against domestic violence. (Welf. & Inst. Code, §§ 213.5, 304; Fam. Code, §§ 6218, 6320.) A protective order enjoins specific acts of abuse. (Fam. Code, § 6218.)

In this case, the juvenile court issued a protective order, protecting appellant Maria G. Garcia and her daughter and enjoining respondent Gilbert Escobar from specified acts of abuse. The protective order remained effective after the juvenile court terminated its jurisdiction. On appeal, Garcia and amicus curiae persuasively show that Family Code section 6345—which governs the *renewal* of a domestic violence restraining order—applies to the renewal of a domestic violence restraining order issued by a juvenile court (not exclusively to the renewal of an order issued by the family court). We hold that after a juvenile court has terminated its jurisdiction, the family court has jurisdiction over domestic violence orders and may issue a renewal. We remand the case to the superior court to apply the renewal statute.

## BACKGROUND

Garcia and Escobar dated for seven years and separated in July 2013. Their only child, A., was three at the time of their separation.

On July 29, 2013, Garcia filed a request for a restraining order in family court (Judicial Council form DV-100). The case apparently was transferred to juvenile court. On September 16, 2013, the juvenile court issued a restraining order protecting Garcia and A. from Escobar. The order indicated that it was an "[o]rder [a]fter [h]earing," and that a hearing had been conducted September 16, 2013. The order expired September 16, 2016. The order was on a form mandated by the Judicial Council, which referenced both the Welfare and Institutions Code and the Family Code. The order enjoined Escobar from "molest[ing], attack[ing], strik[ing], stalk[ing], threaten[ing], sexually assault[ing], batter[ing], harass[ing], destroy[ing] the personal property of, contact[ing], or disturb[ing] the peace" and required him to stay 100 yards from Garcia and A. except for his visitation of A.

On May 20, 2014—prior to the expiration of the restraining order—the juvenile court terminated its jurisdiction. Escobar was permitted only supervised visitation of A. because, among other reasons, he had not made progress in his court ordered domestic violence offenders program.

## 1. Request for Domestic Violence Restraining Order

On September 7, 2016 (nine days before her juvenile court restraining order was set to expire), Garcia filed a request for a domestic violence restraining order in family court. A copy of the juvenile court's restraining order was attached to Garcia's declaration. Also on September 7, 2016, Garcia caused Escobar to be served with notice of a hearing on the restraining order.

## 2. Hearing

At the outset of the hearing concerning Garcia's requested restraining order, the trial court indicated that it understood

3

Garcia's application as a request for a restraining order, *not* a request for the renewal of a restraining order. The court stated: "[T]he way I read the papers is, this is not really a renewal, it is a request for a restraining order." Garcia's counsel did not argue that she was requesting a renewal. But subsequently, the parties appeared willing to stipulate to a renewal of a restraining order though no stipulation concerning a five-year or other specific time period was discussed. The trial court, however, concluded it did not have jurisdiction to renew the restraining order because it was issued by the juvenile court.[1]

**3. Order**

The trial court issued a one-year restraining order on October 21, 2016. The trial court's order protected both Garcia and A. from Escobar.

## DISCUSSION

As we shall explain, the family court erroneously concluded that it lacked jurisdiction to renew Garcia's restraining order.

Family Code section 6345, subdivision (a) provides: "In the discretion of the court, the personal conduct, stay-away, and residence exclusion orders contained in a court order issued after notice and a hearing under this article may have a duration of not more than five years, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. These orders may be

---

[1] Garcia testified at the hearing. Garcia testified that in 2010, she requested a restraining order and the case was transferred to juvenile court. A copy of the then-recently expired juvenile court restraining order was admitted into evidence. A criminal protective order also was admitted into evidence. Escobar testified and admitted that he had violated the prior restraining order.

4

renewed, upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. The request for renewal may be brought at any time within the three months before the expiration of the orders." As we shall explain, section 6345 applies not only to restraining orders issued by the family court, but also to restraining orders issued by the juvenile court.

When a Welfare and Institutions Code section 300 petition is filed in juvenile court, the juvenile court has jurisdiction to issue restraining orders until the petition is dismissed or the dependency is terminated. (Cal. Rules of Court, rules 5.620(b), 5.630.) The jurisdiction of the juvenile court is not affected by the jurisdiction of the family court. (Fam. Code, § 6221, subd. (b).) However, once the juvenile court terminates jurisdiction, the family court assumes jurisdiction over restraining orders issued in juvenile court. (See Welf. & Inst. Code, § 362.4.)[2]

Even when the juvenile court has jurisdiction, the Family Code applies to protective orders issued by the juvenile court. (*In re Chantal S., supra*, 13 Cal.4th at p. 206.) Both courts apply the same definitions of abuse when issuing restraining orders. (Cal. Rules of Court, rule 5.630, citing Fam. Code, § 6203.) Like the

---

[2] Welfare and Institutions Code section 362.4 provides that when a juvenile court terminates jurisdiction over a child, the juvenile court may issue a protective order as defined by Family Code section 6218. Such an order "shall continue until modified or terminated by a subsequent order of the superior court." (Welf. & Inst. Code, § 362.4.)

family court, the juvenile court may issue orders both ex parte and after notice and a hearing. Welfare and Institutions Code section 213.5 expressly references Family Code section 6300 (allowing for ex parte orders). Under Welfare and Institutions Code section 213.5, subdivision (d)(1), the court may issue those orders upon notice and a hearing consistent with Family Code section 6340.[3] Thus, the process for obtaining a restraining order is the same in juvenile and in family court.

By its plain language, Family Code section 6345 is not limited to restraining orders originating in family court. It requires that the order sought to be renewed was issued "after notice and a hearing under this article," referring to article 2 (orders issuable after notice and a hearing) of part 4 (protective orders and other domestic violence prevention orders) of division 10 (prevention of domestic violence) of the Family Code. The juvenile court's order was an "order after hearing" consistent with Family Code section 6340. (*In re B.S.* (2009) 172 Cal.App.4th 183, 194 [order issued under Welf. & Inst. Code, § 213.5 was analogous to order issued under Fam. Code, § 6340].) The hearing that led to Garcia's restraining order was held September 16, 2013, in the juvenile court. The conduct restrained was identical to conduct described in the Family Code

---

[3]     The juvenile court's restraining order referenced Family Code section 6218, which in turn references Family Code section 6320. Section 6320 allows for an ex parte order "enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, . . . harassing, telephoning, . . . contacting . . . , coming within a specified distance of, or disturbing the peace," and Family Code section 6340 allows for the same order following a noticed hearing.

warranting protection.  (Fam. Code, §§ 6320, subd. (a), 6340, subd. (a).)  Therefore, the restraining order issued by the juvenile court was subject to renewal by the family court.

The purpose of Family Code section 6345 also supports this conclusion.  In 1993, section 6345 was expanded to cover restraining orders regardless of the nature of the proceeding in which they were issued.  (Cal. Law Revision Com. com., 29F West's Ann. Fam. Code (2013 ed.) foll. § 6345, p. 398.)  Stated otherwise the statute was expanded to include orders issued in a proceeding for dissolution or in a paternity action.  (*Ibid*.)  Moreover, the purpose of section 6345 applies equally to restraining orders issued by the juvenile court as well as those issued by family court.  The lengthy five-year renewal period in section 6345 was implemented to " 'save the victims [of domestic violence] the harrowing ordeal of returning to court every three years [or sooner] to renew the orders and allow them to go about their lives with more peace of mind.' " (*Avalos v. Perez* (2011) 196 Cal.App.4th 773, 777.)  The same purpose applies regardless of which court issued the restraining order.  In short, as Garcia argues, the family court erred in concluding it lacked jurisdiction to renew her restraining order issued by the juvenile court.  The case must be remanded for the trial court to apply the renewal statute to determine whether Garcia is entitled to a five-year or permanent restraining order.[4]

---

[4]     Although Garcia argues that her request for the renewal of a restraining order was uncontested and that therefore this court should enter a five-year or permanent restraining order, the record does not support her assertion.  Initially, Escobar's counsel appeared willing to stipulate to the renewal of a restraining

7

## DISPOSITION

The order is affirmed. The case is remanded to the trial court to apply Family Code section 6345 to determine if Garcia is entitled to a five-year or permanent restraining order. Each side is to bear his or her own costs on appeal. The stay extending Garcia's domestic violence order through December 31, 2017, shall remain in place until further order by the trial court.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

---

order, but ultimately Escobar's counsel stated, "There is no stipulation."