Filed 12/1/17

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| PRISCILA N., | B279584 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VD079703) |
| v. | |
| LEONARDO G., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge. Reversed and remanded.

Manatt, Phelps & Phillips, Joanna S. McCallum; Harriet Buhai Center for Family Law, Elizabeth Erickson, Holly Leonard; Erin C. Smith, Jennifer Dorfman Wagner, Shuray Ghorishi, and Anya Emerson, for Plaintiff and Appellant.

Pepper Hamilton, Pamela S. Palmer, Brian M. Nichilo, and Courtney A. Munnings for California Women's Law Center as Amicus Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

In this case, we hold the family court has jurisdiction under Family Code section 6345, subdivision (a) to renew domestic violence restraining orders (DVROs) initially granted by the juvenile court, the same conclusion reached by Division Eight of this district in *Garcia v. Escobar* (Nov. 15, 2017, B279530) ___ Cal.App.4th ___ [2017 Cal.App. Lexis 1005].) In sum, we conclude that the legislative history of the Family Code and the Welfare and Institutions Code indicates the Legislature intended juvenile and family courts to work together to protect victims of domestic violence. In order to effectuate this intent, we construe both statutes broadly, avoiding a formalistic reading that would require domestic violence victims who receive a DVRO from the juvenile court to repeat the process in family court. We reverse the order of the trial court and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant Priscila N. and her now ex-husband Leonardo G. married in 2008 and separated in 2011. Their relationship included repeated incidents of domestic violence against appellant, often in the presence of their three minor children. A marriage dissolution proceeding was initiated in the family court in September 2012. It was followed by the initiation of a dependency proceeding in August 2013.

During the pendency of the juvenile case, Leonardo pushed appellant in front of their children, repeatedly telephoned her, and appeared uninvited at her home. In July 2013, the juvenile court issued a temporary restraining order directing Leonardo to remain 100 yards away from appellant and their children, except during monitored visits. Leonardo violated this order multiple

times in August 2013.  Later that month, in response to these violations and following a hearing, the juvenile court issued a DVRO with a three-year term directing Leonardo to have no contact with appellant or the children, except during monitored visitation.

In January 2014, following a noticed hearing, the juvenile court terminated its jurisdiction over the children, issuing an exit order transferring the case to the family court, where the dissolution proceeding continued.  The three-year DVRO was made a part of the exit order, to which it was attached.  Leonardo violated the DVRO in July 2014 by appearing uninvited at appellant's home.  A physical altercation between Leonardo and appellant's boyfriend ensued, leading to police involvement.

The divorce was finalized in September 2014.  The family court's dissolution order included a no contact order with respect to appellant and a monitored visitation order with respect to the children.  Leonardo violated the dissolution orders and the DVRO by appearing uninvited at appellant's home, demanding to see the children without a monitor.

In August 2016, prior to expiration of the DVRO, appellant filed Judicial Council of California form DV-700 (request to renew a restraining order) in family court, attaching the original DVRO, a sworn statement detailing Leonardo's continued harassment, and the police report of his July 2014 violation of the order.  On the form, she requested that the DVRO be made permanent under Family Code section 6345, part of the Domestic Violence Prevention Act (DVPA).  The family court clerks were not familiar with the juvenile court DVRO and gave appellant Judicial Council of California form DV-100 (request for temporary restraining order), believing that she needed to

3

request an initial restraining order rather than a renewal. Appellant filed this form as well.

At a September 2016 hearing, Leonardo requested that appellant's request for renewal be denied insofar as it would limit his contact with the children. The family court initially granted appellant's request for a permanent renewal of the DVRO and indicated the parties could return after lunch to collect the paperwork. Appellant's lawyer left for another commitment.

When appellant returned to collect the paperwork as directed, the family court recalled the case in the absence of appellant's attorney. The family court judge stated: "Because the original restraining order was issued in the juvenile court, this court doesn't have the power to renew that restraining order. You can seek a new restraining order. So I have to vacate the orders that I made earlier when renewing that restraining order permanently." The court then set a date for a hearing on the request for an initial restraining order appellant had made with mandatory form DV-100.

Appellant moved to vacate the court's order vacating its permanent renewal order. Appellant's attorney was present at a November 2016 hearing on the motion. The motion was denied. The family court judge explained that he did not believe he had the power to renew a DVRO originally issued by the juvenile court pursuant to Welfare and Institutions Code section 213.5, subdivision (d). The judge stated he believed there was "no statutory mechanism" through which appellant could request a permanent renewal of the order, because permanent renewal is "only available under the Domestic Violence Prevention Act." He continued, "That's not the act under which her initial restraining order was requested, and so the court doesn't have jurisdiction to

grant the requested renewal because there's no renewal of a juvenile restraining order under [Welfare and Institutions Code sections] 213.5 or 362.4."

The family court invited appellate review of its decision because such review "would give some clarity to the existing statutory regime." Appellant appealed from the denial of her request for renewal.

At a February 2017 hearing, appellant's request for an initial restraining order under the DVPA (Fam. Code, § 6300 et. seq.) was granted for a term of three years.

## DISCUSSION

Appellant argues the family court erred as a matter of law when it concluded it lacked authority to renew a DVRO granted by the juvenile court. We agree and reverse.[1]

The question presented turns on the interpretation of the Family Code and Welfare and Institutions Code. The proper interpretation of these statutes is a matter of law, which we review de novo. (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 300; *In re R.C.* (2011) 196 Cal.App.4th 741, 748.)

In interpreting a statute, we first look to its plain language. (*Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1397.) If we find ambiguity there, we turn to legislative history, with the ultimate objective of effectuating the legislature's intent. (*Ibid.*) Any remaining ambiguity is then resolved by applying "'reason, practicality, and common sense.'" (*Ibid.*)

---

[1] Appellant also argues that her due process rights were violated when the family court vacated its previous order in the absence of her lawyer. This issue is moot in light of our findings, and we do not reach it.

Appellant and amicus California Women's Law Center argue the plain language of the Family Code and Welfare and Institutions Code vests the family court with authority to renew DVROs issued by the juvenile court. A recent decision of Division Eight of the Court of Appeal for this appellate district agreed with this argument, holding that the family court may renew DVROs issued by the juvenile court under the plain language of Family Code section 6345, subdivision (a). (*Garcia v. Escobar*, *supra*, ___Cal.App. ___ [2017 Cal.App. Lexis 1005]. ) We agree that the language of the statutes is consistent with this interpretation and reach the same result. However, because some language in the statutes may also be read to disallow renewal,[2] we add the following discussion concerning its proper interpretation.

Appellant and amicus both argue the legislative history of the statutes indicates legislative intent that DVROs issued by the juvenile court be renewed by the family court. We agree.

---

[2] Specifically, Family Code section 6345 is potentially ambiguous because it allows renewal of DVROs issued under Family Code division 10, part 4, article 2 (orders issuable after notice and a hearing) and does not explicitly allow renewal of DVROs issued under Welfare and Institutions Code section 213.5. Further, the provisions of the Welfare and Institutions Code dealing with DVROs do not discuss renewal by the family court or reference Family Code section 6345, subdivision (a). (Wel. & Inst. Code § 213.5, subd. (a)-(d); *Id.* at § 362.4) Compared with Welfare and Institutions Code section 302, subdivision (d), which specifically describes the authority of the family court over custody and visitation orders transferred from the juvenile court by exit order, the sections discussing DVROs arguably do not contemplate renewal of juvenile court DVROs by the family court.

First, in cross-referencing the DVPA in the Welfare and Institutions Code, the Legislature signaled its intent that the two statutes work in concert to protect domestic violence victims.  In 2012, Welfare and Institutions Code section 213.5 was amended so that the juvenile court could issue DVROs under the same standards provided for in the DVPA.  (Assem. Bill No. 1596 (2009-2010 Reg. Sess.) § 5.)  One of the Legislature's purposes in enacting this law was to "create greater consistency" between different statutes governing protective orders.  (See Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1596 (2009-2010 Reg. Sess.) p. 13.)

Second, when the Legislature extended the term of DVROs from three to five years in 2005, its stated purpose was to protect all victims of domestic violence from retraumatization caused by frequent court visits to renew DVROs.  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 99 (2005-2006 Reg. Sess.) p. 3.)  The Legislature made no distinction between victims, such as appellant, who obtained their initial order in the juvenile court, and other victims.  (*Ibid.*)  It would contravene the Legislature's goal of preventing retraumatization of victims to require appellant to apply twice for what is essentially the same order.

We conclude that the Legislature has indicated its intention that the Family Code and Welfare and Institutions Code be construed to work together to provide the best protection for domestic violence victims.  Consistent with this approach, we read the language of both codes broadly to effectuate the Legislature's purpose.  We conclude that a DVRO issued under Welfare and Institutions Code section 213.5, subdivisions (a)-(d) should be considered to have been "issued" under article 2 of the

7

DVPA (orders issuable after notice and hearing) for the purpose of renewing it under Family Code section 6345, subdivision (a). DVROs issued after a noticed hearing by the juvenile court under Welfare and Institutions Code section 213.5, subdivision (d) are indistinguishable in every respect from those issued after noticed hearing under article 2 of the DVPA and therefore should be renewable in the same manner.  By construing the statutes in this manner, we effectuate the Legislature's purpose, allowing the family court to renew the DVRO issued by the juvenile court in this case.

This is the more reasonable construction of the statutes. (*Mt. Hawley Ins. Co. v. Lopez*, *supra*, 215 Cal.App.4th at p. 1396 [courts may look to the ""reasonableness of a proposed construction"" of a statute].)

Domestic violence victims such as appellant, who receive their initial DVRO in the juvenile court, are required to make exactly the same showing as those who obtain their initial order in the family court.  (Wel. & Inst. Code § 213.5, subds. (a)-(d).) Because both parties are represented at public expense in the juvenile court and parties often are unrepresented in the family court, the restrained party may have a better opportunity to defend his or her rights against an order originating in the juvenile court.  (§ 317, subd. (a)(1); Hough, *Self-Represented Litigants in Family Law:  The Response of California's Courts* (2010) 1 Cal. L.Rev. 15, 16.)  It is not reasonable to conclude that juvenile court orders must end while family court orders granted under the same standards can be easily renewed.

A contrary construction would force domestic violence victims who obtained their original DVRO in juvenile court to meet the higher evidentiary bar required for an initial order

8

twice, rather than allowing them to benefit from the lower bar that applies to renewal. When applying for an initial order, an applicant must provide "reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300.) Although Family Code section 6301, subdivision (c) states that it is not "by itself, determinative," the amount of time that has elapsed since the alleged abuse is considered when issuing an initial order.

In contrast, obtaining renewal of an existing order does not require proof that recent acts of abuse have occurred. (Fam. Code, § 6345, subd. (a) [DVROs may be renewed "without a showing of any further abuse since the issuance of the original order"]; see also *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1284 [it is "unnecessary for the protected party to introduce or the court to consider actual acts of abuse the restrained party committed after the original order went into effect"].) This is because the purpose of a DVRO is to prevent abuse. "It would be anomalous to require the protected party to prove further abuse occurred in order to justify renewal of that original order." (*Ibid.*) Interpreting the statute to disallow the family court to renew DVROs issued by the juvenile court would, in effect, require a showing of further abuse by a victim who has been under the protection of a DVRO, an outcome which is both unreasonable and explicitly disfavored by case law.

Appellant argues the court's error was prejudicial, notwithstanding her receipt of an initial DVRO with a term of three years. We agree.

To establish that he or she was prejudiced, an appellant must demonstrate that there was a ""reasonable probability that in the absence of . . . error, a result more favorable to the appealing party would have been reached."" (*County of Los*

9

*Angeles v. Williamsburg National Ins. Co.* (2015) 235 Cal.App.4th 944, 955.)  In this case, there is no need to speculate what the family court would have done in the absence of its error because it is clear from the record.  Before the family court began to doubt its jurisdiction over the juvenile court's order, it granted appellant's request for a permanent renewal.  A permanent renewal is clearly superior to a three-year initial order.  With a permanent order, appellant can avoid returning to court to gain long-term protection from her abuser.  Appellant clearly was prejudiced by the court's denial of her request for a permanent renewal of her DVRO.

Having demonstrated prejudicial error, appellant is entitled to reversal.  Appellant also has demonstrated her entitlement to a renewal of the DVRO as a matter of law, as it is undisputed that Leonardo violated the order.  (See *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 335 [any violation of a restraining order provides "very significant" support for its renewal]; see also *Avalos v. Perez* (2011) 196 Cal.App.4th 773, 777.)  We therefore direct the family court to renew the DVRO.  It is within that court's discretion to renew the order for either five years or permanently.  (Fam. Code, § 6345, subd. (a).)


## DISPOSITION

The order is reversed and the case remanded.  The family court is directed to grant appellant's request for a renewal of her

restraining order for a term of either five years or permanently, within that court's discretion.

**CERTIFIED FOR PUBLICATION.**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.