Filed 11/26/25  George v. Hartman CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KOSHY PUTHUKKERIL GEORGE, <br><br> Respondent, <br><br> v. <br><br> ERIC FLOYD HARTMAN, <br><br> Appellant. | H051697 <br> (Santa Clara County <br> Super. Ct. No. 21CH010234) |

Eric Floyd Hartman appeals from an order granting a request to renew a civil harassment restraining order.  Prior to the issuance of the original restraining order in this case, Hartman filed a peremptory challenge to disqualify the assigned judicial officer pursuant to Code of Civil Procedure section 170.6,[1] which was granted.  Two years later, the disqualified judge granted the restraining order extension.  Hartman contends the judge was disqualified from hearing the renewal request and acted in excess of jurisdiction in granting the request and thus, the order is void.  We agree, and remand for a new hearing in front of a different judge.

## I.    PROCEDURAL HISTORY[2]

In August 2021, the trial court issued a temporary restraining order on Koshy Puthukkeril George's ex parte request for a civil harassment restraining order against

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

[2] We omit the underlying factual allegations, which are not material to Hartman's appeal.  Further, we note that George filed a motion to augment the record.  We

Hartman, and set a hearing for 64 days later.[3]  At that hearing, George did not stipulate to the court commissioner, who continued the hearing to December 2021.  In November, prior to the hearing on the restraining order, Hartman filed a peremptory challenge pursuant to section 170.6 to the judge assigned to hear the matter, Judge Carol Overton, which the judge accepted.

On December 13, 2021, a different judge, Judge Shawna Schwarz, heard the matter, and the court issued a civil harassment restraining order against Hartman, which protected George, in addition to his wife and daughter.  The order had an expiration date of December 16, 2023.  In February 2023, Judge Schwarz granted George's request for modification of the civil harassment restraining order and issued an amended restraining order without changing the expiration date.

On September 21, 2023, George filed a request to renew the restraining order.  In the request he stated:  "I have a reasonable fear that future abuse, harassment and intimidation by Respondent Eric Hartman will continue unless the Civil Harassment Restraining Order – First Amended is renewed.  This is supported by the concurrently

---

previously granted the motion as to pages 1-43 of the attached documents, and deferred George's alternative request for judicial notice of the remaining documents for consideration with this appeal.  These documents include our prior opinion in another appeal involving these parties, several civil case information statements, notices of appeal, a notice designating the record on appeal for another appeal with these parties, and documents concerning a motion for recovery of fees.  The request for judicial notice is denied.  Although we can take judicial notice of court records, the remaining documents are not relevant to or necessary for the resolution of this appeal.  (Evid. Code, § 452 subd. (d); *Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 ["Although a court may judicially notice a variety of matters [citation], only *relevant* material may be noticed."].)

[3] We derive a portion of the procedural history from the opinions in prior appeals arising out of this lawsuit.  (*George v. Hartman* (Nov. 9, 2023, H049735, H049886) [nonpub. opn.]; *George v. Hartman* (Dec. 26, 2024, H050941) [nonpub. opn.].)  In the 2023 appeal, Hartman disputed the trial court's jurisdiction to issue a civil harassment restraining order and award attorney fees in this case.  In the 2024 appeal, Hartman appealed the trial court's grant of George's request to modify the civil harassment restraining order.  We affirmed the subject orders in both appeals.

filed Declarations."[4]  On September 24, 2023, Judge Overton set a hearing date for the renewal request on October 24, 2023, in Department 4.  Hartman filed his opposition to the extension of the order on October 20, 2023.

Hartman did not appear at the hearing on October 24, 2023.  In a written opposition to the request, he asserted that he was "continuing to specially appearing (*sic*) only via these filed court documents so as not to waive his defense that the Court lacked subject matter jurisdiction."  George and one of the other protected parties appeared.  Despite her earlier disqualification, Judge Overton heard the request to renew the restraining order on October 24, 2023.[5]  There was no record of any objection to Judge Overton presiding over the proceedings.  Following the hearing, the trial court granted the request to renew the civil harassment restraining order, with a new expiration date of December 16, 2028.  Hartman timely appealed the order renewing the civil harassment restraining order.

## II.    DISCUSSION

On appeal, Hartman argues that because Judge Overton was previously disqualified in the civil harassment action, the court acted in excess of jurisdiction by ruling on the request to renew the restraining order and that the order is therefore void.  George contends the request to renew was a new proceeding based on subsequent events, so the challenge to Judge Overton no longer applied.  Specifically, George argues: (1) renewal of a restraining order is not automatic, and the request to renew the restraining order was a new proceeding and required a new peremptory challenge; (2) Hartman waived his rights in the trial court; (3) Hartman did not file a petition for a

---

[4] The declarations are not in the record.
[5] There is nothing in the record indicating Judge Overton was aware at the time that she had been previously disqualified in the civil harassment restraining order proceedings approximately two years earlier.

3

writ of mandate; and (4) Hartman has not argued his challenge was proper in form, service, or effectiveness.

## A.    *Legal Principles*

Code of Civil Procedure section 170.6 provides that "[a] judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established  . . . that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." (§ 170.6, subd. (a)(1).) The statute "serves the Legislature's evident purpose of 'maintaining the appearance as well as the fact of impartiality in the judicial system:  the business of the courts ... must be conducted in such a manner as will avoid even the "suspicion of unfairness." ' [Citation.]" (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1252.) It is " 'liberally construed with a view to effect its objects and to promote justice.' [Citation.]" (*People v. Smith* (1961) 196 Cal.App.2d 854, 859.)

Section 170.6 grants "litigants the right to disqualify judges for 'prejudice' without proof.  Prejudice is deemed to be established if a party or an attorney declares, under penalty of perjury, a good faith belief the judge is prejudiced.  The affidavit of prejudice is incontestable, both regarding the alleged prejudice and the declarant's sincerity. [Citation.]" (*Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 408, fn. omitted.)

Once accepted by the challenged judge, a peremptory challenge takes place " 'instantaneously and irrevocably' " and " 'later events (such as dismissal of the party who asserted the challenge) do not cause a rescission of the challenge.' [Citation.]" (*Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1362; see also *Frisk v. Superior Court, supra,* 200 Cal.App.4th 402, at p. 411 [it is a "long-standing principle that peremptory challenges, once accepted by the court, remain effective notwithstanding the subsequent dismissal of the challenging party"].) "The resulting change of judge

4

completes the peremptory challenge." (*Truck Ins. Exchange v. Superior Court* (1998) 67 Cal.App.4th 142, 147.) "[T]he [challenged] judge is thereupon disqualified from hearing any contested issue of law or fact in that case." (*Brown v. Superior Court* (1981) 124 Cal.App.3d 1059, 1062 (*Brown*).) Disqualification under section 170.6 "is not limited to a particular motion or issue, but deprives the disqualified judge of jurisdiction in all further contests in that action." (*Id*. at p. 1061.) A judgment rendered by a judge who was the subject of a successful section 170.6 challenge is void. (*In re Jenkins* (1999) 70 Cal.App.4th 1162.)

"A party is only allowed one such challenge per action." (*Pickett v. Superior Court* (2012) 203 Cal.App.4th 887, 892 (*Pickett*); § 170.6, subd. (a)(4).) This "limitation applies even when a separate proceeding is merely a 'continuation of the original action out of which it arises and it involves "substantially the same issues" as the original action.' [Citations.]" (*Id*. at p. 893.)

In this appeal, we are faced solely with a question of law based on undisputed facts. When a "case presents only questions of law based on undisputed material facts[,] [o]ur review of the trial court's decision is . . . de novo." (*Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 851; see also *Earnest v. Commission on Teacher Credentialing* (2023) 90 Cal.App.5th 62, 73 ["The interpretation of a statute and the application of a statute to undisputed facts are legal issues subject to de novo review. [Citations.]"].)

**B.** *Analysis*

It is not reasonably subject to dispute that Judge Overton was disqualified pursuant to section 170.6 prior to the ruling on the original restraining order, and that a different judge then issued the order after hearing. The question is whether Judge Overton remained disqualified for the request to renew the restraining order. We conclude she continued to be disqualified at the time she granted the request to renew the restraining order in the same case and ordered a new expiration date.

### i.    *Procedural Arguments*

We first address several procedural arguments raised by George. These include his arguments that Hartman: (1) waived his rights in the trial court; (2) did not file a petition for a writ of mandate; (3) has not argued his challenge was proper in form, service, or effectiveness.

### 1.    *Waiver/Forfeiture*

George contends Hartman waived his right to contest Judge Overton's consideration of the renewal request by failing to object or even to appear for the hearing. George asserts Hartman did not file a motion for reconsideration or a motion to set aside the judgment.

We first note that the California Supreme Court has observed that "[t]he term 'waiver' has [ ] been loosely used at times, including in the disqualification context, to signify what is properly understood as a forfeiture. [Citations.]" (*North American Title Co. v. Superior Court* (2024) 17 Cal.5th 155, 177, fn. omitted.) " 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." ' [Citations.]" (*Id*. at p. 178.) George's argument appears to be not one of waiver, but rather that Hartman forfeited his right to appellate review of the renewed restraining order by not objecting in the superior court.

Whether characterized as forfeiture or waiver, George's argument necessarily relies on his contention that the request for a renewed restraining order was a new proceeding requiring a new peremptory challenge. As we discuss *infra*, we conclude the renewal proceeding was a continuation of the original restraining order proceeding and did not require another challenge under section 170.6. At the time of the renewal proceeding, Judge Overton was already disqualified. George cites no case law that supports a position that *after a judge has been disqualified*, a litigant must assert that disqualification or it is either forfeited on appeal or otherwise waived, nor do we hold as

such. Even if Hartman had wanted to waive the disqualification at that point in the case, he would have been unable to do so. (See *Brown*, *supra*, 124 Cal.App.3d at p. 1062 ["The statute does not provide any exception for the benefit of a party who uses the declaration to remove a judge from one hearing, and then wishes to reinstate that judge for a subsequent hearing in the same case."].)

It is correct that Hartman did not appear at the hearing on October 24, 2023, and therefore made no objection in the trial court to Judge Overton hearing the restraining order renewal request. Nor did he object to the court's issuance of the order renewing the restraining order. Failure to raise an issue or object in the trial court often results in forfeiture of the right to have that issue reviewed on appeal. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [" ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method." ' "].)

Nevertheless, "[a]lthough 'appellate courts will not ordinarily consider matters raised for the first time on appeal[,] ... whether the rule shall be applied is largely a question of the appellate court's discretion.' [Citation.]" (*Canaan v. Abdelnour* (1985) 40 Cal.3d 703, 722, fn. 17; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."]; *Isthmian Lines, Inc. v. Schirmer Stevedoring Co.* (1967) 255 Cal.App.2d 607, 610 ["an appellate court may, in its discretion, consider issues which are raised for the first time on appeal"].) Matters raised for the first time on appeal "will often be considered where the issue relates to questions of law only." (*Bayside Timber Co. v. Board of Supervisors* (1971) 20 Cal.App.3d 1, 5.)

The issue before us involves California's statutory disqualification scheme, which is " 'intended to ensure public confidence in the judiciary.' " (*People v. Freeman* (2010) 47 Cal.4th 993, 1001.) Thus, even if a litigant could forfeit a peremptory challenge that

7

has already been granted, we would exercise our discretion to reach this important issue in this appeal.[6]

### 2.    *Petition for Writ of Mandate*

George argues the only method to obtain review of an order denying a disqualification motion is by filing a petition for a writ. Generally, "a writ of mandate [is] the exclusive means of challenging a *denial* of a motion to disqualify a judge." (*People v. Hull* (1991) 1 Cal.4th 266, 275, italics added; § 170.3, subd. (d).) In this appeal, the motion to disqualify Judge Overton was granted. Thus, we are concerned only with the question of whether the disqualified judge acted in excess of jurisdiction by ruling on the request for the renewed restraining order, not with whether the earlier peremptory challenge was denied. A restraining order issued pursuant to section 527.6 is appealable as an order granting an injunction. (§ 904.1, subd. (a)(6); *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187.) Hartman's challenge to the order is therefore properly subject to appeal.

### 3.    *Form, Service, and Effectiveness of Original Peremptory Challenge*

George asserts that Hartman has not argued that his original peremptory challenge, titled a "Notice of Motion of Pre-emptory Challenge to Disqualify Continued Return Hearing Before Judge Carol Overton Pursuant to CCP § 170.6(5)(6)(7)," was proper in form, properly served, or effective. George states further that the challenge was expressly limited to a return hearing set for December 6, 2021.

We observe that Judge Overton accepted the peremptory challenge. Hartman consequently had no reason to seek a writ at that time, and he does not seek in his current appeal to have that order reversed. Nor does the record show that George objected to or

---

[6] George also appears to argue Hartman consented to personal jurisdiction by making a general appearance through the filing of an opposition, or by failing to appear and object. Personal jurisdiction is not at issue in this appeal.

otherwise contested Judge Overton's granting of the peremptory challenge, in 2021 or at any other time. Accordingly, the adequacy of the peremptory challenge from 2021 is not before us in this appeal.

### ii. *New Proceeding*

George contends the request to renew the civil harassment restraining order was a new proceeding and a new peremptory challenge is required "each time a judge is assigned to hear a subsequent matter." We must reject George's premise under the circumstances of this case. The request for a renewed restraining order was not a "new proceeding" requiring Hartman to file a new peremptory challenge. In fact, doing so would have had no effect because Judge Overton had already been disqualified.

"[W]hen a second action or special proceeding 'involves "substantially the same issues" ' and ' "matters necessarily relevant and material to the issues" ' in the original case, the second action or proceeding is considered a continuation of the earlier action or proceeding for purposes of section 170.6. [Citation.]" (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 979 (*Maas*).) A peremptory challenge under section 170.6 "cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." (*Jacobs v. Superior Court of Los Angeles County* (1959) 53 Cal.2d 187, 190 (*Jacobs*).) Conversely, when an "action arises out of later events distinct from those in the previous action[,] . . . the [later] action does not constitute a continuation of the previous action." (*Bravo v. Superior Court* (2007) 149 Cal.App.4th 1489, 1494.) Only when the later action is not a continuation of the earlier action may a party make a "second" peremptory challenge. (See *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 190, fn. 6 [Section 170.6 "bars any party from making more than one motion 'in any one action or special proceeding'; by negative implication, in two successive actions a party may move to disqualify in each, or may disqualify in the later action without waiving that right by failing to so move in the earlier."]; see also *McClenny v. Superior Court of Los Angeles County* (1964) 60 Cal.2d 677, 681-683; see also *Maas*, *supra*, 1 Cal.5th at

9

p. 979; see also *Jacobs*, *supra*, 53 Cal.2d at p. 190.) It follows that if the later proceeding is merely a continuation of the earlier one, a party has neither the right to file a new peremptory challenge nor any obligation to attempt to do so again if the trial judge from the earlier proceeding has already been disqualified.

Cases have found a later action or proceeding to be a continuation of the earlier one in a variety of circumstances. For example, "[i]n situations involving guardianship and custody orders subsequent proceedings to obtain changes in custody are continuations of the original proceeding to determine custody." (*Jacobs*, *supra*, 53 Cal.2d at p. 190.) In *Jacobs*, the court concluded a motion to modify the judgment and a supplemental petition for appointment of guardians "must be deemed to be continuations of the prior proceedings" because, aside from an alleged change in circumstances, the parties and "the paramount questions to be decided by the court" were the same as in the prior proceedings. (*Id.* at p. 191.)

Likewise, "proceeding[s] for contempt or for revocation of probation, . . . are considered a continuation of the earlier action." (*Maas*, *supra*, 1 Cal.5th at p. 980; see also *People v. Barnfield* (1975) 52 Cal.App.3d 210, 215 ["revocation of probation is a continuation of the plea bargain proceeding with its sentencing and placing appellant on probation"]; see also *Astourian v. Superior Court* (1990) 226 Cal.App.3d 720, 725 [finding an order to show cause re contempt gave rise to the issue whether a previously issued injunction had been violated, and the substantially similar issues meant the later action was a continuation of the original action].)

A request to obtain renewal of an existing civil harassment restraining order is analogous to these types of cases. As is the situation here, they involve the same parties. Further, a request to renew a restraining order necessarily involves consideration of the same issues as the original proceeding. In contrast to the above-mentioned proceedings, however, the renewal of a restraining order does not require new facts for its determination. In fact, the trial court "*may rely solely on the record in the original case*"

10

in exercising its discretion to renew the order.  (*Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 90, italics added (*Cooper*).)  Section 527.6 provides:  "The order may be renewed, upon the request of a party, for a duration of no more than five additional years, *without a showing of any further harassment since the issuance of the original order. . . .*"  (§ 527.6, subd. (j)(1), italics added; *Cooper, supra*, at p. 91 [section 527.6 "grants the trial court discretion to renew a restraining order based on its review of the record of the past harassment underlying the original issuance of the restraining order and without the protected party presenting any new evidence"].)  In this sense, the evidence considered for the renewal proceeding for the additional period of up to five years can be identical to the original proceeding, with the two proceedings separated only by time.

The record here does not suggest any deviation from the usual circumstances underlying the restraining order renewal procedure.  The request to renew the restraining order occurred in the same case (with the same case number) as the original restraining order proceeding, it involved the same parties, and it raised essentially the same question to be decided by the court:  whether to restrain Hartman from contacting the Georges. We also note that the same restraining order had just been modified in February of 2023 after a hearing by another judge.  We conclude the proceeding for a renewed restraining order was not a new proceeding requiring a new peremptory challenge.

George argues that the renewal proceeding is a new proceeding because it is based on new facts and changed circumstances.  While George asserts the renewal proceeding included new facts, the record does not show that the court disregarded the record from the original proceedings, or whether such "new" facts were considered by the trial court or were meaningfully different from the facts presented in either the original proceeding or the modification proceeding.[7]  Moreover, additional new facts alone do not automatically convert a continuation of a proceeding to a new one.

[7] The record contains a number of documents dated later than the date on which the original restraining order was granted in 2021, which are attached to Hartman's

11

*Antonio G. v. Superior Court* (1993) 14 Cal.App.4th 422 (*Antonio G.*) is instructive.  In *Antonio G.*, a minor was made a ward of the court based on a finding that he had unlawfully possessed a controlled substance for sale.  (*Id*. at p. 424.)  Prior to a hearing on a petition alleging drug use by the minor, the minor filed a peremptory challenge to the judge.  (*Id*. at p. 425.)  "The judge denied the challenge on the ground that the hearing on the supplemental petition was a continuation of prior hearings in the case, as distinguished from a determination of any new criminal charge, and hence the new hearing did not give rise to an opportunity to interpose a peremptory challenge." (*Ibid*.)  The minor contended on appeal that "each hearing resulting from the filing of a supplemental petition constitutes a new and original proceeding, and that the minor is clothed with all constitutional rights in connection with such new proceeding including the right to utilize a peremptory challenge."  (*Id*. at p. 425.)

Noting that the petition was brought under Welfare and Institutions Code section 777,[8] the court explained that "[t]he purpose of a [Welfare and Institutions Code] section 777 supplemental petition and the hearing which results from it is to establish that by reason of events occurring after the grant of probation the 'previous disposition has not

_____

opposition to the request to renew the restraining order.  These documents include the Georges' first amended cross-complaint filed in a separate civil case involving Hartman, an arbitration award with Hartman and the Georges as parties, and a letter from Hartman providing notice of purported code violations by the Georges to several City of San Jose departments.  The record also includes an "exhibit list" from George for the request to renew the restraining order that states George "intends to introduce documentary evidence consisting of:  Ex. 1001 through 1003: videos of incident of October 19, 2023, including summaries."  Because neither these exhibits nor the declarations that were attached to the request to renew the restraining order are in the record, we do not know what facts were actually presented and relied on by George in the renewal proceeding.

[8] Welfare and Institutions Code section 777 provides for a noticed hearing before the issuance of an order changing or modifying a previous order "by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution" or "by directing commitment to the Youth Authority."  (Welf. & Inst. Code, § 777.)

12

been effective in rehabilitation. ...'  In considering the petition the court is limited to the facts alleged in the petition, and these facts also are restricted to events occurring after the grant of probation.  [Citations.]" (*Antonio G.*, *supra*, 14 Cal.App.4th at pp. 425-426.)  Although the *Antonio G.* court acknowledged that "modification of the custody terms of a minor charged with misconduct or the commission of a crime by a supplemental petition may be ordered only upon a finding of *new* acts or circumstances involving the minor," the court also observed that "in determining the present status of the minor in light of his current transgressions reference must be made to his prior history and the objective of the probation grant he was then enjoying." (*Id*. at pp. 426-427.)  Therefore, "although the original focus of a [Welfare and Institutions Code] section 777 hearing is upon newly alleged misconduct, the ultimate disposition of the minor depends upon an analysis of his original problems and his history on probation." (*Ibid*.)  The court concluded that "a hearing on a supplemental petition under [Welfare and Institutions Code] section 777, which alleges misconduct of a minor in violation of the terms of his probation, is not a new or original proceeding, but instead is a continuation of the court's supervision over the minor." (*Id*. at p. 428, fn. omitted.)

*Antonio G.* and other cases that have been found to involve continued proceedings, such as for modification of custody terms, or contempt proceedings, or for revocation of probation, often rely on new facts in later proceedings, but those facts generally are connected to the earlier proceedings and findings, and are used to make continued determinations in the cases based on updated information.  The issues in these types of cases flow from the earlier proceedings and are substantially the same.

George asserts a request to renew a restraining order is a new proceeding because it requires a new notice and a new hearing, and uses different Judicial Council forms.  This is no different than in other civil actions with successive motions, and George cites no authority for the proposition that a new peremptory challenge would need to be filed every time a different motion is heard in a civil case.

13

George points to cases under the Domestic Violence Prevention Act, arguing that the fact a restraining order issued in one court can be renewed in another court in a different case shows the renewal is a different proceeding.[9]  For this proposition, he cites *Garcia v. Escobar* (2017) 17 Cal.App.5th 267 (*Garcia*) and *Priscila N. v. Leonardo G.* (2017) 17 Cal.App.5th 1208 (*Priscila N.*).  Noting that "[b]oth the juvenile court and the family court may issue protective orders to protect against domestic violence [citations]," *Garcia* held that "after a juvenile court has terminated its jurisdiction, the family court has jurisdiction over domestic violence orders and may issue a renewal."  (*Garcia*, *supra*, 17 Cal.App.5th at p. 269.)  *Priscila N.* held the same.  (*Priscila N.*, *supra*, 17 Cal.App.5th at p. 1210 ["In this case, we hold the family court has jurisdiction under Family Code section 6345, subdivision (a) to renew domestic violence restraining orders (DVROs) initially granted by the juvenile court, the same conclusion reached by Division Eight of this district in [*Garcia*]."].)  The *Priscila N.* court concluded that "the legislative history of the Family Code and the Welfare and Institutions Code indicates the Legislature intended juvenile and family courts to work together to protect victims of domestic violence."  (*Priscila N.*, at p. 1210.)

These cases do not lead to the conclusion that the renewal of a civil harassment restraining order is a new proceeding requiring a new peremptory challenge.  To be sure, there are close similarities in the language of section 527.6 and Family Code section 6345 for the renewal of orders under those statutes.  But unlike the procedural posture of *Garcia* and *Priscila N.*, a civil harassment restraining order is subject to renewal in the same civil court.  Further, the Legislature's intended purpose that "the Family Code and Welfare and Institutions Code be construed to work together to provide the best protection for domestic violence victims," so as to prevent retraumatization of victims by requiring them "to apply twice for what is essentially the same order" is not implicated

---

[9] George refers to the "Domestic Violence Restraining Order Act," but it seems his intention was to refer to the "Domestic Violence Prevention Act."

here.  (See *Priscila N.*, *supra*, 17 Cal.App.5th at p. 1214.)  Moreover, neither *Garcia* nor *Priscila N.* concerned a peremptory challenge or the issue of whether the renewal in family court would constitute a new proceeding requiring a second challenge under section 170.6, and they are neither controlling nor persuasive in this instance.  (See *People v. Hatt* (2018) 20 Cal.App.5th 321, 326 ["A case is not authority for a proposition not considered."].)

George also argues that "a peremptory challenge does not contest all actions for all things," and that there was no assignment in this case to a particular judge for all purposes.  He cites *Stone v. Superior Court* (1994) 25 Cal.App.4th 1144 (*Stone*) for the proposition that a new peremptory challenge is required every time a judge is assigned to hear a subsequent matter.  But *Stone* concerned a coordination proceeding and the holding turned on the distinction between a "coordination motion judge" and a "coordination trial judge," with the court noting that "the statutory scheme for coordination and the rules of court implementing that scheme provide for two separate assignments . . . [and] . . . the rules contemplate the possibility these two assignments will be of two different judges."  (*Id*. at p. 1147.)  To determine the proper interpretation of the term "assigned judge," the court relied on Code of Civil Procedure sections 404 and 404.3, and former rule 1515 (now 3.516) of the California Rules of Court, all of which specifically apply to coordination proceedings.  The instant matter is not a coordination proceeding and *Stone* is inapposite.

George cites several cases as examples in which two proceedings were considered separate for purposes of a peremptory challenge:  *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243 (*NutraGenetics*), *Pickett*, *supra*, 203 Cal.App.4th 887, and *Bravo v. Superior Court* (2007) 149 Cal.App.4th 1489 (*Bravo*).  These cases do not compel a different conclusion.  *NutraGenetics* was "a suit against a different defendant with different causes of action and different bases of liability."  (*NutraGenetics*, *supra*, 179 Cal.App.4th at p. 257.)  The *NutraGenetics* court acknowledged that the continuation

15

rule would apply to a second proceeding with "***the same parties at a later stage of their litigation with each other, or [ ] aris[ing] out of conduct in or orders made during the earlier proceeding***." (*Ibid, boldface added*.)

*Pickett* is also distinguishable.  It involved two separate actions under the Labor Code Private Attorneys General Act of 2004[10] with different named plaintiffs, one case seeking injunctive relief and the other not. (*Pickett*, *supra*, 203 Cal.App.4th at p. 895.) Like *NutraGenetics*, the *Pickett* court noted that one action would be a continuation of another when there is "a subsequent proceeding, the gravamen of which is rooted in, or supplementary to, the initial proceeding." (*Id*. at p. 893.)

*Bravo* involved two lawsuits filed by the same plaintiff stemming from his employment with the County of Los Angeles. (*Bravo*, *supra*, 149 Cal.App.4th at pp. 1491-1492.)  In the first action, the plaintiff alleged specific incidents occurring in three separate years that were directly related to his sexual orientation. (*Id*. at p. 1491.) He alleged that after he filed a complaint with the Equal Employment Opportunity Commission, the defendants retaliated by discipline, reprimand, denial of accommodations, and surveillance. (*Ibid*.)  A demurrer to the third amended complaint was sustained without leave to amend, and judgment was entered in April 2006. (*Ibid*.) The plaintiff filed a new lawsuit in May 2006, alleging claims for employment harassment, discrimination, and retaliation. (*Id*. at p. 1492.)  The new complaint alleged additional facts of ongoing harassment and retaliation, including that the plaintiff was falsely accused of making death threats, which led to a 30-day suspension pending investigation. (*Ibid*.)  In 2006, the cases were found to be related and the second case was assigned to the same judge who had been assigned to the first case. (*Id*. at pp. 1492-1493.)  Plaintiff then made a peremptory challenge to that judge. (*Id*. at p. 1493.)  The trial court struck the challenge as untimely. (*Ibid*.)

---

[10] California Labor Code section 2698, et seq.

16

The *Bravo* court stated that "[t]he fact that the cases are related does not resolve the issue of whether the second case is a continuation of the first case for purposes of [] section 170.6." (*Bravo, supra,* 149 Cal.App.4th. at p. 1494.)  It concluded that the new action was not a continuation of the previous action because, "although the two cases involve the same employee and the same employer, the current action arises out of later events distinct from those in the previous action." (*Ibid.*)

The two cases in *Bravo* may have involved similar issues, enough to qualify as related cases, but they were still separately-filed actions with the second case following a judgment in the first, and involving "events distinct from those in the previous action." (*Bravo*, *supra*, 149 Cal.App.4th at p. 1494.)  Here, even if later events may have arisen that George presented at the renewal hearing, the nature of the renewal hearing and procedure in relation to the original restraining order hearing is such that the second hearing inevitably " 'involves "substantially the same issues" ' and ' "matters necessarily relevant and material to the issues" ' in the original case." (See *Maas*, *supra*, 1 Cal.5th at p. 979.)  Were it otherwise, it would make little sense to give the trial court discretion to rely exclusively on facts adduced at the original hearing in ruling on the renewal request.

Hartman filed a peremptory challenge to Judge Overton in connection with the original request for a civil harassment restraining order, which the judge accepted.  For the reasons discussed, we conclude the proceeding for renewal of the restraining order was not a new proceeding requiring another peremptory challenge.  Because Judge Overton was disqualified, in issuing the order on the renewal request the court acted in excess of jurisdiction.  As a result of the court's action and without ruling on the merits of the request for the renewal, we will reverse and remand the matter for a new hearing before a different judge.

## III.   DISPOSITION

The order granting the renewal of the civil harassment restraining order is reversed and remanded for a new hearing on the matter.  The Presiding Judge of Santa Clara

17

County Superior Court is directed to assign the matter to a different judge.  (§§ 170.1, subd. (c),187; see also *In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 295.) Costs on appeal are awarded to Hartman.  (Cal. Rules of Court, rule 8.278(a)(1).)

_____

RODRIGUEZ, J.*

WE CONCUR:

_____

GREENWOOD, P. J.

_____

DANNER, J.

*George v. Hartman*
H051697

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.